(101 South. 248)

No. 26544.

## FERGUSON v. CADY–McFARLAND GRAVEL CO.

## In re JUDGES OF COURT OF APPEAL, SECOND CIRCUIT.

(June 20, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Master and servant** ⬉373—Blow by coemployé held "accident" within Compensation Act.

Injury to a track employé, who, while in a stooping position, was struck on the head by an iron instrument in hands of fellow employé, *held* an "accident" within Act No. 38 of 1918, § 1, amending Act No. 20 of 1914, § 38, defining an accident as "an unexpected or unforeseen event happening suddenly or violently with or without human fault, and producing at the time objective symptoms of an injury."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accident—Accidental.]

2. **Master and servant** ⬉373—Injury by blow by coemployé held compensable as accident "arising out of and in course of employment."

A track employé who, while at work in a stooping position, was struck on the head with an iron instrument in the hands of a fellow employé, *held* injured by accident "arising out of and in course of employment," within Employers' Liability Act.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Course of Employment.]

3. **Master and servant** ⬉346—Negligence immaterial under Compensation Act.

Whether employer, employé, or fellow employé is guilty of negligence resulting in injury to employé is immaterial as affects employer's liability under Employers' Liability Act.

Leche, J., dissenting.

Proceeding under the Employers' Liability Act by Alice Ferguson against the Cady-McFarland Gravel Company. On application of Court of Appeal for instructions. Instructions given.

George J. Ginsberg, of Alexandria, for plaintiff.

Blackman & Overton, of Alexandria, for defendant.

By the WHOLE COURT.

LAND, J. The Judges of the Court of Appeal for the Second Circuit of the State of Louisiana have requested instructions from this court as to whether or not the petition filed in this case by Alice Ferguson and her three minor children discloses a cause of action against defendant company for compensation for the death of decedent under the Employers' Liability Act (Act 20 of 1914), and amendments to said act. Plaintiff is the surviving widow of Peter Ferguson, who was killed by a fellow employee. The petition shows that defendant company conducts a gravel removing plant, completely equipped for such work, and consisting of steam shovels, railroad equipment, and such other apparatus as is used in such a business. Plaintiff alleges that her late husband and the father of her children had been in the steady and continuous employment of defendant company eight months prior to the accident, which occurred on June 15, 1923, and that the employment of deceased consisted of day labor in and about the various parts of the plant, and more particularly in the railroad department thereof, and that he was always subjected to the hazards of his employment in and about the plant.

Plaintiff alleges that while deceased was so employed, and actually at work, repairing the right of way of said railroad within the confines of the plant, and while shoveling gravel and working on the filling between the cross-ties of the track, and while in a stooping position in the course of his employment, he was struck on the head with an iron instrument in the hands of a fellow employee of said plant, without knowing why he was so struck, or regaining consciousness thereafter.

Petitioner alleges the death of her husband as the result of the injuries received by him, and claims compensation under subsection 2 of section 8 of Act 247 of 1920, for the joint use of herself and minor children, in the sum of $10.80 per week for a period of 300 weeks, and also for burial expenses and medical fee.

Section 38 of Act 38 of 1918 (section 1) defines the word "accident" to mean:

"An unexpected or unforeseen event happening, suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury."

Petitioner alleges that, as a result of the blow received at the hands of his fellow employee, one-half of the skull of decedent was torn away.

[1] The accident alleged in the petition, therefore, clearly falls within the definition of the statute.

Section 2 of the Employers' Liability Act of 1914, as amended by Act 38 of 1918, § 1, provides:

"That if an employee employed as hereinabove set forth * * * receives personal injury by accident arising out of and in the course of such employment, his employer shall pay compensation in the amounts and to the person or persons hereinafter specified."

Taking the allegations of the petition as true, for the purpose of disposing of the exception of no cause of action, it is clear that the accident arose "in the course of" the employment.

The sole question left remaining for decision is: Was this an accident arising "out of" the employment.

[2] As the statute expressly makes the employer liable, even when the injury occurs through the tort of a third person, for stronger reasons the employer should be held liable when the injury results from the tort of a fellow employee, as the employer and his employees have contracted among themselves to come under the terms of the Employers' Liability Act, a statute essentially intended to provide insurance for the employee against "all the risks to which he may be exposed by his employment." Dyer v. Rapides Lumber Co., 154 La. 1091, 98 South. 677.

"The test to determine whether injuries to a workman arise out of his employment is not whether the cause of the injury, that is, the agency producing it, was something peculiar to the line of employment, but whether the nature of the employment was such that the risk from which the injury resulted was greater for the workman than for a person not engaged in the employment." Myers v. La. Ry. & Nav. Co., 140 La. 937, 74 South. 256.

We applied this rule in the Dyer Case, in which the employee was assassinated at night, while he was in his locomotive in the woods, and was at work in a stooping position, holding that the accident arose out of the employment because the workman was exposed to some risk manifestly necessitated by his employment.

An employee, like the decedent, who may have an enemy among his fellow employees in the same gang in which he is required to work, necessarily comes in contact with such enemy throughout all hours of the day, and is constantly exposed to assault and bodily harm. He therefore incurs greater risk necessitated by his employment than a person ordinarily would be subjected to outside of such employment.

[3] The moment we begin to indulge in hair-splitting distinctions in cases of this kind, that moment we approach the danger line of reading into the statute the defense that the employee assumes the risks of his employment, a defense which the employer is expressly prohibited from urging under the Employers' Liability Act against a claim for compensation by a workman. Act 38 of 1918, § 4. Whether the employer, the employee, or the fellow employee is guilty of negligence or not is immaterial, so far as the liability of the employer is concerned. Garcia v. Salmen Brick & Lumber Co., 151

La. 784, 92 South. 335. Therefore the decisions cited by able counsel representing defendant company, and found in the American Law Reports (volume 15, p. 583), to the effect that the employer is responsible only when he knew of the dangerous character of the co-employee, are inapplicable, as such cases hold the employer liable only when he is proven to be guilty of negligence. An employee is powerless to select competent and law-abiding fellow employees, and, evidently, does not assume any risk under the Employers' Liability Act because of the hiring by the employer of unskilled and vicious workmen.

As employment in gang work, such as decedent was engaged in, necessitates collaboration, the working together of the employees constitutes the nature of such employment, and the risk of assault and personal injury to the employee is to be viewed from that aspect. Obviously, such risk is greater than it would be to a person not engaged in such employment, because such person is not required to be constantly in the presence of an enemy, should he have one.

For the reasons assigned, we are of the opinion that the petition discloses a cause of action, and the Judges of the Court of Appeal of the Second Circuit are so instructed.

OVERTON, J., recused.
LECHE, J., dissents.