No. 2082.
Second Circuit Appeal.

---

## ALICE FERGUSON v. CADY-McFARLAND GRAVEL COMPANY.

---

(October 17, 1924, Opinion and Decree.)
(See 156 La. 871, 101 South. 248.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest, Master and Servant—Par. 154, 158. 160.**

Where one is killed by a fellow employee while working for the same company in building or repairing a railroad, the widow is entitled to compensation for herself and minor children under Employers' Liability Act No. 20 of 1914, Section 8, Subsection 2 (c), as amended by Act 247 of 1920.

(The recent amendment is Act No. 216 of 1924. Editor's note.)

Appeal from the Parish of Rapides, Hon. Leven L. Hooe, Judge.

This is a suit brought by a widow for compensation under the Employers' Liability Act No. 20 of 1914.

There was an exception no cause of action filed by defendant which was sustained and plaintiff appealed.

Judgment reversed.

George J. Ginsberg, of Alexandria, attorney for plaintiff and appellant.

Blackman & Overton, of Alexandria, attorneys for defendant and appellee.

PORTER, J. The plaintiff's husband was killed by a fellow employee while working for the defendant company in building or repairing a railroad or switch track owned by the company, and his widow brought suit under the Employers' Liability Act for compensation for herself and minor children.

The defendant company filed an exception, setting up that the petition failed to

disclose a cause of action. This exception was sustained, and plaintiff appealed to this court.

As the point involved was an important and novel one, we certified the question to the Supreme Court, and that tribunal answered that the petition did disclose a cause of action.

The opinion of the Court has not yet been published, but will be, we presume, in Ferguson vs. Cady-McFarland Gravel Co., 156 La. 871, 101 South. 248.

It is therefore ordered and decreed that the judgment appealed from be reversed and set aside; that the exception of no cause of action be over-ruled, and that this case be remanded to the District Court for trial, according to law. The cost of this appeal is taxed against the defendant company.