## GILYARD v. O'REILLY

———

(April 26, 1926, Opinion and Decree)
(May 24, 1926, Rehearing Refused)
(June 30, 1926, Writ of Certiorari and Review Denied by Supreme Court.)

———

(*Syllabus by the Court.*)

1. **Louisiana Digest—Master and Servant —Par. 154.**

The Employer's Liability Act must be liberally construed.

2. **Louisiana Digest—Master and Servant —Par. 156.**

All laborers employed in the construction of water works are protected by the Act, even those who work by the piece.

3. **Louisiana Digest—Master and Servant —Par. 158.**

When an employee demands payment of his wages from the foreman and a dispute arises between them concerning the employer's right of payment in consequence of which a fight takes place between the foreman and an employee in which the employee is injured, he is entitled to compensation under the Act.

(ON PETITION FOR REHEARING)

4. **Louisiana    Digest—Appeal—Par.    759; Master and Servant—Par. 100 (I).**

The judgment in this case is amended by making the interest run from date of

each respective payment instead of from June 1, 1926, and as thus amended the rehearing is refused.

Appeal from Civil District Court, Hon. Porter Parker, Judge.

Action by William Gilyard against J. D. O'Reilly. There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Habans and Coleman, of New Orleans, attorneys for plaintiff, appellant.

E. V. Parham and E. Rightor, of New Orleans, attorneys for defendant, appellee.

CLAIBORNE, J.    This is a suit under the Employers' Liability Act.

The plaintiff alleged that on June 1, 1925, he was engaged as a laborer for the defendant O'Reilly; that on said date, while in the course of his employment he inquired of Ray Foster, who was employed as foreman for defendant, why he had not been paid his wages in full, that thereupon the said Foster cursed and struck plaintiff, and a fight ensued in which plaintiff's jaw was broken; that as a result he has been unable to use the same or to engage in any kind of work on account of his weakened condition; that he is entitled to a weekly payment of $12.68 for the period of 100 weeks; that the defendant O'Reilly is insured in the General Accident, Fire and Life Assurance Corporation which is also liable to plaintiff.

The defendant insurance company filed an exception of no cause of action and denied any liability. Further answering it averred that the defendant, O'Reilly, contracted with Foster to excavate trenches and lay pipes; that Foster employed and paid all laborers necessary to do the work; that the plaintiff was employed by Foster and paid for piece work; that on the morning of June 1st the plaintiff demanded of Foster payment for work he pretended to have done; that a controversy arose between them as to plaintiff's right to demand pay for work which plaintiff asserted he had done and which Foster denied; that the plaintiff accused Foster of trying to cheat him, that plaintiff advanced upon Foster in a threatening manner with a raised shovel in his hand; that Foster grabbed the shovel and plaintiff grabbed Foster, threw him down and beat him and broke the spectacles upon his eyes; that they were separated; that the plaintiff continued to threaten Foster when the latter struck plaintiff with his fist twice and knocked him down; that the plaintiff earned only $9.75 a week, and that the fight began before seven o'clock in the morning before plaintiff had started to work.

The defendant O'Reilly denied all the allegations of plaintiff's petition and reiterated the allegations of the insurance company as to the causes of plaintiff's injury.

There was judgment for defendants on the ground "that the plaintiff called at the job on the morning in question some time before the work was begun and had a dispute with the foreman * * that the evidence also seems to indicate that the plaintiff had no intention of reporting for work but came to collect the amount he claimed was due him * * that it (the accident) cannot be said to have arisen out of or during the course of plaintiff's employment".

The defenses are:

1st  That the plaintiff was not employed in a "hazardous occupation" denominated as such by Act 20 of 1914, Sec. 1, S. 2 (a).

2nd That plaintiff's injury was caused by his willful intention to injure his employer and provoking the fight.

. 3rd That the fight occurred before plaintiff started to work.

. 4th. That plaintiff was an independent contractor.

5th That the injury did not arise out of employment.

## I

Among the "hazardous occupations" mentioned in the Act are S. 2 (a): "The construction of * * waterworks, pumping works, * * engineering works."

The defendant O'Reilly had a contract with the Sewerage and Water Board to lay water pipes, and O'Reilly had a sub-contract with Ray Foster to excavate the trenches into which the pipes were to be laid and manholes and catch basins; and Ray Foster employed the plaintiff to dig the trenches and excavations. He was to do the work in such manner that it would be "acceptable to the City Engineer and Sewerage and Water Board". Trapani was inspector for the Sewerage and Water Board and Fred King, civil engineer, acted for O'Reilly as general superintendent. The occupation of O'Reilly was that of construction of "water works", engaged in "engineering works". 20 C. J. 1261 Century Dictionary Vo. Engineering. Webster's New International Dictionary.

It is true that the work done by the plaintiff, that of "digging trenches" was not classed as hazardous, but it was a part of the "water works".

The law has not divided those works into partly hazardous and partly nonhazardous, neither can we. Under the law the whole of the works, from start to finish, are hazardous. As a proof of their hazardous character it is in evidence that a laborer fell into a manhole by which he received injuries.

The law has classed as hazardous the construction of a building. It has made no distinction between the slater on the roof and the painter on the inside.

State vs. Caldwell, 157 La. 103, 97 South. 330.

The Employer's Liability Act must be liberally construed. Dyer vs. Rapides Lumber Co., 154 La. 1091, 98 South. 677; Byas vs. Hotel Bentley, Inc., 157 La. 1030, 103 South. 303.

## II

This defense rests upon Sec. 28 of the Act:

"That no compensation shall be allowed for an injury caused by the injured employee's willful intention to injure himself or to injure another."

The testimony does not clearly establish who provoked the fight. Certainly the plaintiff's demand for payment, even for work he had not done, was no such provocation. Nor was it provocation for him to have advanced upon Foster carrying in his hand the shovel with which he performed his work, unaccompanied with any hostile demonstration. Foster seized the shovel the plaintiff held in his hand; that constituted the first hostile act and brought on the fight. When the plaintiff had Foster down there is no evidence that he injured him.

## III

It is true that the dispute began before seven o'clock, but it continued for some time after seven. It is more than prob-

able that the blow was inflicted upon the plaintiff after seven. But the time is immaterial. Plaintiff was not employed by the hour or day to commence and conclude work at a stated time. He was working by the piece. He could start when he pleased and quit at his pleasure. The important question is, was he hurt in the course of his employer's occupation. There is no question that he was. His possession of the shovel was an indication that he had already started in his employment.

## IV

Although plaintiff worked by the piece he was not such an independent contractor as put him beyond the protection of the compensation act. Bell vs. Albert Hanson Lbr. Co., 151 La. 824, 92 South. 350; Burt vs. Davis-Wood Lbr. Co., 157 La. 111, 102 South. 87; Dick vs. Gravel Logging Co., 152 La. 993, 95 South. 99.

In the case of Guderian vs. Sterling, 151 La. 59, 91 South. 546, the court said:

"When a foreman in the performance of his duty is assaulted by a laborer under him, and is injured as a consequence, the injury is considered as caused by an accident within the meaning of Employer's Liability Acts of the same general nature as ours."

There is no reason why the reverse of the proposition should not be true.

In Dyer vs. Rapides Lumber Co., 154 La. 1091, 98 South. 677, the court said:

"Where a workman is exposed to some risk manifestly necessitated by his employment he is entitled to his compensation."

In Ferguson vs. Cady-McFarland, 156 La. 871, 101 South. 248, the court adopted the above language and added:

"An employee like the decedent, who may have an enemy among his fellow employees in the same gang in which he is required to work necessarily comes in contact with such enemy throughout all hours of the day, and is constantly exposed to assault and bodily harm.

"He therefore incurs greater risk necessitated by his employment than a person ordinarily would be subjected to outside of such employment."

There seems to have been ill feeling between the plaintiff and Foster prior to that time.

In Byas vs. Hotel Bentley, 157 La. 1030, 103 South. 303, where a bell boy who had charge of baggage was killed by a taxicab driver in a dispute over baggage the court held that the Compensation Act entitled the boy's mother to relief.

The defendants have relied upon the following cases: 127 N. E. 84; 186 N. Y. Supp. 705; 170 id. 677; 121 Atl. 556. These cases may differ from those we quote, but we consider ourselves controlled by the decisions of our own Supreme Court, which is also in accord with our own views.

The evidence satisfies us that the plaintiff was getting $3.25 per section and that he could not do more then three sections each week or $9.75 worth, 65% of which is $6.34 per week.

It is therefore ordered that the judgment herein be reversed and avoided; and it is now ordered that there be judgment condemning the defendants in solido to pay to plaintiff the weekly sum of six 34-100 dollars for one hundred weeks with five per cent per annum interest on each weekly payment from June 1, 1925, till paid and all costs of suit.