Fulwiler, Appellant, *v.* Mack-International Motor Truck Corporation et al.

Argued October 6, 1939. Be-fore KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, RHODES and HIRT, JJ.

*George H. Detweiler,* for appellant.

*Frank R. Ambler,* for appellee.

OPINION BY RHODES, J., November 15, 1939:

Compensation was disallowed in this workmen's compensation case by both the referee and the board on the ground that claimant's husband did not meet death in the course of his employment on May 23, 1936, and the court of common pleas, on appeal by claimant, sustained the action of the board.

The sole question raised by the appeal to this court from the judgment entered for defendant employer by the court below is whether deceased, on the facts established, was in the course of his employment at the time of the fatal accident. Deceased was sales manager in charge of defendant employer's branch office in Scranton, Pa., and had been so employed for some time prior to his death on May 23, 1936. About 1:30 on the afternoon of that day he received a telephone call from one Harry Garrett, a member of a copartnership consisting of Harry Garrett and Michael Kovach who were engaged in the oil hauling business. In response to this call claimant drove deceased to the place of business of Garrett and Kovach, whereupon claimant drove on to Williamsport, where she was to meet deceased the following day. Deceased and Garrett had previously arranged to fly Garrett's airplane to Williamsport the following day to witness a baseball game; there deceased was to meet his wife, the claimant.

Upon arriving at the place of business of Garrett and Kovach, deceased was informed by the members of this partnership that they were in the market for a new truck, and that they desired to have the trade-in al-

lowance fixed on an old one which they owned. Deceased advised them that he would secure an estimate of the trade-in allowance in a few days, as he would have to look around and see if he could get a buyer for it. Deceased then accompanied Garrett and Kovach to lunch, during which time the proposed deal was discussed. After lunch Garrett took his partner Kovach and deceased to a nearby airport, where Garrett had an airplane which he owned. Upon their arrival there Garrett had his airplane taken from the hangar and warmed up. He suggested that they fly to Williamsport and take a look at the landing field at Montoursville where they intended to land the next day for the purpose of seeing the ball game. Montoursville is apparently the airport for Williamsport. Garrett, Kovach, and deceased entered the plane, and deceased acted as pilot. When the plane reached Montoursville, for some unexplained reason it crashed; deceased and Garrett were instantly killed, and Kovach was seriously injured. Deceased was a licensed transport pilot; Garrett had not yet received his license. Garrett had often loaned deceased his airplane so that the latter could acquire the necessary flying time to obtain his license. In fact, they flew together almost every week-end, and in addition thereto once in a while during the week. Garrett and deceased were aviation enthusiasts, and also close personal friends. Their families were likewise friendly and were frequently together. The discussion relative to the purchase of a truck ceased when the parties entered Garrett's airplane and took off from the Scranton airport, although Garrett did remark, just before taking off, that they would continue their discussion after they returned from Williamsport.

Deceased had previous dealings with the partnership involving the purchase of trucks. Kovach, the surviving partner, testified that they intended to trade in one of their trucks and obtain a new one; that other firms

were negotiating for the sale; that the fact that deceased and Garrett were close friends did not enter into their negotiations; and that purchases were made only on the basis of price and service.

On these facts the referee concluded that the accidental death of deceased did not occur in the course of his employment, and disallowed the claim; the board affirmed the referee's findings of fact, conclusions of law, and order of disallowance; and the court below dismissed claimant's appeal and entered judgment for defendant employer.

As this accident did not occur on employer's premises, the burden was upon claimant to prove, by competent evidence, that deceased was actually engaged in the furtherance of the business or affairs of his employer at the time of the accident which resulted in his death. *Knowles v. Parker Wylie Carpet Co., Inc., et al.,* 129 Pa. Superior Ct. 257, 260, 195 A. 445.

In construing section 301 of article 3 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 PS §411, our Supreme Court and this court have frequently stated that "actually" means "as an actual or existing fact" and does not mean "constructively" engaged. *Baumann v. Howard J. Ehmke Co. et al.,* 126 Pa. Superior Ct. 108, 111, 190 A. 343; *Palko v. Taylor-McCoy Coal & Coke Co.,* 289 Pa. 401, 404, 137 A. 625. In the instant case it cannot be said that the facts conclusively established that deceased accidentally sustained his fatal injuries while actually engaged in the performance of some as yet incompleted business of his employer, or that his presence where the accident occurred was required by the nature of his employment. The facts do show that deceased's fatal injuries were the result of engaging in private affairs disconnected from the business of his employer. The referee found, and the board affirmed the finding, that the purpose of deceased's going to Williamsport on May 23, 1936, was

to look over the landing field at Montoursville, which deceased and Garrett expected to use the next day, having made previous arrangements to fly and land there on Sunday, the 24th, to attend a ball game. It follows, as the board and referee concluded, that the interests of the employer ceased to be furthered when deceased entered Garrett's plane on a mission personal to himself and Garrett. The testimony fully supports the findings of the compensation authorities as to the purpose of the airplane flight which resulted in deceased's death; they are conclusive; and we have no power to weigh the evidence and revise those findings. *Vorbnoff v. Mesta Machine Co. et al.,* 286 Pa. 199, 206, 133 A. 256; *Paulin v. Williams & Co., Inc., et al.,* 122 Pa. Superior Ct. 462, 466, 186 A. 415, 327 Pa. 579, 195 A. 40.

We think this is a clear case of an employee engaging in an exploit for purposes purely personal to himself, and bearing no relation to the business of his employer; and we would be at a loss to understand how the compensation authorities could have arrived at a different result. Under the facts found by the referee and the board, supported as they were by competent evidence, the accidental death of deceased was properly determined to have occurred while he was not in the course of his employment, within the meaning of section 301, art. 3, of the Workmen's Compensation Act of 1915, 77 PS §411. See *Freeman v. Salem Reformed Church,* 125 Pa. Superior Ct. 367, 370, 190 A. 159.

Judgment is affirmed.