ODOM, Justice
(dissenting).
This is a suit to collect compensation under Act No. 20 of 1914, as amended. The employer owned a hull house in the City of Shreveport, and the employee, Crawford, was employed to work there. While he was at work in the hull house, a cyclone swept through the City of Shreveport. The hull house was in its pathway, and “The force of the wind demolished this building and Crawford met his death as a result of its collapse”. (Quotation from majority opinion.)
It is held by the majority that the dependents of the deceased are entitled to recover because the death of the deceased “was due to the fact that his employment necessitated that he be at the place where the accident occurred and that, therefore, giving the compensation act the liberal interpretation to which it is entitled, the accident arose out of, and was incident to the employment”.
In other words, it is held that the accident “arose out of” the deceased’s employment merely and solely because of the fact that his employment made it necessary for him to be at the place where the accident occurred. The ruling is not based upon the ground that the accident *368 resulted from a risk reasonably incident to his employment, or that the nature of the employment was such that the risk from which the injury resulted was greater for him than for persons not similarly engaged.
Under the Workmen’s Compensation Act, the injuries for which recoveries may he had must arise in the course of the employment and “arise out of” it. The phrase “arise out of” the employment refers to the cause or origin of the injury. An injury arises “out of” the employment when it is apparent that there is a causal connection between the conditions under which the work is required to be done and the resulting injury.
In the case of Kern v. Southport Mill, 174 La. 432, 141 So. 19, 21, this court, speaking of our workmen’s compensation statute, said that it was not “enough foi* recovery” to say that the accident occurs in the course of the employment, because the statute requires also that the accident “arise out of” the employment, by which, said the court, “is meant, that the accident must be the result of some risk to which the employee is subjected in the course of his employment and to which he would not have been subjected had he not been so employed”. .. .
In the case of Myers v. Louisiana Ry. & Nav. Co., 140 La. 937, 74 So. 256, 257, this court, after a careful review of many cáses dealing with the question of what accidents might be said to arise “out of” the employment, held, to quote Paragraph 2 of the syllabus,' which is a correct statement of the 'court’s 'filling; that:
“The test to determine whether injuries to a workman arise out of his employment is not whether the cause of the injury, that is, the agency producing it, was something peculiar to the line of employment, but whether the nature of the employment was such that the risk from which the injury resulted was greater for the workman than for a person not engaged in the employment.” (Emphasis mine.)
In the case of Dyer et al. v. Rapides Lumber Co., 154 La. 1091, 98 So. 677, 679, an employee was shot and killed by an unknown party at night while building a fire in an engine belonging to his employer, the engine being in an isolated spot on a siding out in the woods. One of the contentions made by the employer was that, since the employee was killed by an assassin, he was in no more danger while firing an engine than he would have been elsewhere, because the assassin could have attacked and killed him even in daylight or at his own home.
In that case, the court quoted with approval and reaffirmed the above quoted rule formulated in the Myers case, and said:
“We think that where a workman is exposed to some risk manifestly necessitated by - his employment he is entitled to his compensation, unless it be also manifest that he would at the time of the occurrence have been equally exposed to the same risk outside óf his employment. And we cannot assume that a man is exposed to the same danger of attack at his own :home, or in some "frequented place, or in the daytime, as he would be when called by his employ- *369 merit to some lonesome spot and in the nighttime.”
In the case of Ferguson v. Cady-McFarland Gravel Co., 156 La. 871, 101 So. 248, 249, an employee, while at work repairing the right-of-way of a railroad and while working in a stooping position, was deliberately struck on the head with an iron instrument by a fellow employee who was his enemy. The employer resisted the claim for compensation on the ground that the injury did not arise “out of” the employment. The court overruled defendant’s contention. It quoted with approval the rule formulated in the Myers case, supra, and said:
“We applied this rule in the Dyer case, in which the employee was assassinated at night, while he was in his locomotive in the woods, and was at work in a stooping position, holding that the accident arose out of the employment because the workman was exposed to some risk manifestly necessitated by his employment.
“An employee, like the decedent, who may have an enemy among his fellow employees in the same gang in which he is required to work, necessarily comes in contact with such enemy throughout all hours, of the day, and is constantly exposed to assault and bodily harm. He therefore incurs greater risk necessitated by his employment than a person ordinarily would be subjected to outside of such employment.”
In the case at bar, the employee’s death was caused by a cyclone, a fortuitous event, an.event which could neither be foreseen nor prevented, an event caused by a. force. which man cannot resist.- He was subjected to a risk common to all mankind.
I concede that an accident may, under some circumstances, arise “out of” the employment even though it results from a risk common to all mankind. If the workman is employed to work in a place and under circumstances exposing him to more than ordinary risk of injury by lightning, cyclone, or other fortuitous event; if the position which he must necessarily occupy in connection with his work results in excessive exposure to a risk common to all mankind; if the continuity or exceptional amount of exposure aggravates or augments the common risk; if he incurs a greater risk, necessitated- by his employment, than a person outside such employment would incur; if he is subjected to an added risk by reason of his employment, then the accident arises “out of” the employment, but not otherwise.
This is the settled jurisprudence of this and other states of the Union, of the Federal courts, including the United States Supreme Court, and of the courts of England.
In the majority opinion, it is conceded that the following rule, laid down in 71 C.J., page 757, prevails generally:
“In order that harm which results to an employee by reason of his exposure to the weather or natural elements may be compensable as an injury arising out of and in the course of his employment, the exposure of the employee by reason- of his' employment must be greater than that of other persons in that locality.” • -:
*370 That general rule, which is in accord with the established jurisprudence of this state, is brushed aside by the majority opinion. The cases of Myers, Dyer, and Ferguson are, in effect, overruled without their being mentioned. It is said in the majority opinion that the general rule has not been uniformly followed by this court, and the holding in the case of Kern v. Southport Mill, supra, is cited as a departure from, the general rule.
A careful reading of that case will show that the court did not hold against the general rule. The opinion in the Kern case was written by Justice St. Paul, who also wrote the Dyer case, and it is not reasonable to suppose that he intended to overrule the Dyer cáse without mentioning it.
The right to recover in the Dyer case was based upon the ground that the workman was “exposed to some risk manifestly necessitated by his employment”, which -employment made it necessary for him to work at night at some lonesome spot; and ■the court thought he was in more danger in .such circumstances than he would have been in the daytime, or at his home or at some frequented place.
In the Kern case, the court recognized this general rule, for its organ, Justice St. Paul, said, in stating the meaning of the •phrase “arise out of the employment”, that the accident must result from some risk to which the employee is subjected in the ■course of his employment and “to which he would not have been subjected had he not been so employed.”
I think the holding of the majority, in this case, that this court intended by its ruling in the Kern case to depart from the general rule applicable to cases of this kind and to set up a new one in its place, is erroneous.
I respectfully dissent from the majority ruling.