HARDY, Judge.
This is an action for compensation instituted by the widow of a deceased employee of defendant, Heard Motor Company, Inc.,, in her own right and on behalf of her minor son. The employer’s insurer, Maryland Casualty Company, is joined as a party defendant. Following a plea of vagueness and filing of a supplemental and amended petition, defendant interposed exceptions of no cause and no right of action. A second amended and supplemental petition was filed by counsel for plaintiff. Following consideration -of the exceptions and hearing of argument thereon, there was judgment sustaining the exceptions and dismissing plaintiff’s suit, from which plaintiff has appealed.
*701 The petition alleges that the decedent was employed by defendant motor company in the capacity of an automobile salesman, which work required the performance of hazardous duties in a hazardous occupation, and that his death resulted .from injuries received in an airplane crash while riding as a passenger in a plane rented and piloted by one Phillip Higgason, allegedly a prospective purchaser of an automobile.
Defendants’ exceptions are predicated upon the contentions that the death of the employee did not occur in the course of the performance of the employee’s duties, and that the accident did not arise out of the employment.
For the purpose of consideration of the exceptions, accepting the material allegations of plaintiff’s petition as true, we observe the following allegations pertinent to the points raised by the exceptions:
“That while attempting to sell an automobile to one Phillip Higgason and while riding as a passenger of the said prospective customer in an airplane in his possession and piloted by him, the said Millard Doyle Green was injured in the manner set forth in the- immediately preceding paragraph.”
(Article 8 of plaintiff’s original petition)
******
“That the aforesaid accident and death of the said Millard Doyle Green arose out of and in the course and scope of his employment by the said Heard Motor Company, Inc., in the usual course of the conduct of its business as herein set forth.”
(Article 9 of plaintiff’s original petition)
******
“That article 8 of the plaintiffs original petition be amended to include the following allegations: ‘The cause of the said injury to the said Millard Doyle Green was the crash of the airplane in which he was riding as a gratuitous passenger, the said plane having fallen and the force of the impact of the said plane with the ground caused the injury to the said Millard. Doyle Green resulting in his death. That your petitioner does not know and is without means of determining the cause of the crash.”
first supplemental and fiirst supplemental and amended petition)
* * * * * *
“That Article 9 of plaintiff’s original petition be amended to include the following allegations, to-wit: ‘that the said Millard Doyle Green was instructed to go wherever he might choose and to do such and every lawful act as he might deem necessary or desirable to sell, or in an attempt to sell, any automobile or other motor vehicle of his employer, Heard Motor Company, Inc., or to further his “employer’s business.”
(Article 1 of plaintiff’s second supplemental and amended petition)
It is earnestly argued by counsel for defendants that the business of selling automobiles and trucks in which the employer was engaged could not reasonably require thé employed salesman to ride in an airplane, and that the accident which is the basis of this action cannot be considered as having arisen out of nor in the course of decedent’s employment.
There can be no question with respect to the principles enunciated in the landmark case of Kern v. Southport Mill Limited, 174 La. 432, 141 So. 19, and the impressive array of subsequent cases which have reiterated the proposition that the accident causing the injury must be the result of a risk to which the employee was subjected in the course of his employment, and to which he would not have been subjected had he not been so employed. We further concede that an additional factor in cases of this kind is the determination of the nature of the work contemplated, as observed in Warren v. Globe Indemnity Co., 217 La. 142, 46 So.2d 66.
Admitting inability to find a Louisiana case directly in point counsel for defendants cite Bugh v. Employers Re-Insurance Corporation, 5 Cir., 1933, 63 F.2d 36, and Fulwiler v. Mack-International Motor Truck Corporation, 1939, 137 Pa.Super. 421, 9 A.2d 173. Both of the cited cases involved compensation claims arising out of *702 fatal airplane accidents, but examination of the cases convinces us that under the facts the conclusions reached by the respective courts are inapplicable to the instant case. Additionally, we observe that both of the cases were determined after consideration upon the merits.
The Bugh case was concerned with the death of an employee who was manager of an oil well equipment company and whose' duties consisted of maintaining oil well machinery and obtaining parts. In the course of his employment the employee was furnished with an automobile. The employee was the owner of a small private plane used primarily for pleasure, and, on the date of the accident, deceased flew his plane to a town some forty miles away for the purpose of obtaining certain equipment parts, admittedly a mission which was in connection with and in the interest of his employer’s business. On the return flight the plane crashed and the employee was fatally injured. Counsel points out the fact that the court in denying recovery commented on the fact that the employee had voluntarily exposed himself to a peril which was not necessarily or ordinarily or reasonably inherent or incident to the conduct of his work. But we further note that the court found as facts that both the plane and the employee were unlicensed. Since these omissions were direct violations of a penal statute, the court concluded that the employee’s action was entirely outside the scope of his employment and without any authorization.
In the Fulwiler case the employee, a truck salesman, was accompanying a prospect. But it was established that the plane expedition had absolutely no connection with the employer’s business and was undertaken as a joint venture by the employee and the prospect .for the purpose of looking over a landing field which they intended to use the next day in attending a ball game. The court found that the employee’s mission was purely personal and had no connection with the duties of his employment.
In considering the instant case on the basis of the allegations of plaintiff’s pleadings, we are disposed to consider not only the questions of course and scope of employment but also the nature of the employment itself. The persistence of salesmen and the lengths to which they will go in the effort to conclude the sale of the products they represent has become a byword. The place of employment is generally unrestricted and the methods employed and the hours observed are generally without limitation, dependent only upon the ingenuity and the zeal of the individual himself. These things being matters of common, ordinary knowledge, the fact that an automobile salesman, hot on the trail of a prospective' purchaser, would accompany his prospect upon an expedition by airplane is not to be considered as either extraordinary or unreasonable.
We further point out that travel by plane, private or public, in this country has come to be a normal means and method o.f transportation, far more popular and common in this decade than was the case some ten to twenty years ago.
Adverting to- the determinative allegations of plaintiff’s petition, we observe from the excerpts quoted supra that plaintiff asserts that the employee came to his death “while attempting to sell an automobile”, and further that the employee was “instructed” to go wherever and to do whatever he might deem necessary or desirable in attempting to sell motor vehicles in the interest and for the benefit of his employer. If these facts are susceptible of establishment, and we do not intend to minimize the obvious difficulty of such establishment, we think it likely that plaintiff thereby would comply with the requirements established by our jurisprudence in this connection. We are at a loss to perceive in what manner plaintiff could more clearly and definitely allege the pertinent facts. Certainly we are of the opinion that the minimum requirements of proper pleading have been fulfilled, and, under the well established modern trend of liberality in permitting opportunities for trial on the merits, we think the exceptions should have been overruled. Reeves v. Globe Indemnity *703 Co., 185 La. 42, 168 So. 488; Davies v. Consolidated Underwriters, La.App., 14 So.2d 494.
For the reasons assigned the judgment from which appealed is reversed and set aside and defendants’ exceptions of no right and no cause of action are overruled and the case is remanded to the Honorable the Twenty-Sixth Judicial District Court in and for Webster Parish, Louisiana, for further proceedings consonant with this opinion. Costs of this appeal are taxed against defendants and all other costs are to await final determination hereof.