HARDY, Judge.
Plaintiff, for herself and on behalf of her minor son, brought this suit for compensation alleged to be due for the death of her husband, a salesman employed by defendant, Heard Motor Company, Inc. The employer’s compensation insurer, Maryland Casualty Company, is joined as defendant. Exceptions of no right and no cause of action were filed on behalf of defendants, sustained by the District Court, and judgment rendered pursuant thereto dismissing plaintiff’s suit. On appeal to this court the judgment was reversed, the exceptions overruled and the case remanded for further proceedings. Green v. Heard Motor Co., Inc., La.App., 53 So.2d 700. By amended petition plaintiff alleged her marriage to one John Badami on August 22, 1951. After trial on the merits there was judgment in favor of defendants rejecting plaintiff’s demands, from which this appeal has been brought.
Decedent, Millard Doyle Green, husband of plaintiff, Delta Bryan Green (Badami), was an automobile salesman employed by Heard Motor Company, Inc., located in the town of Springhill in Webster Parish, Louisiana. On November 23, 1949 Green was fatally injured as the result of the crash of a small two-seater airplane piloted by one Phillip Higgason (or Higgerson), and his death occurred on November 25, 1949. Higgason, the pilot of the plane, was also killed as the result of the accident.
The exceptions originally tendered on behalf of defendants were directed at the proposition that the death of the employee did not occur in the course of the performance of his duties nor did the accident arise out of his employment. The same issue is here presented with relation to the facts adduced by trial on the merits. We are not confronted with any material difference of opinion as to the law, which is applicable, and the only proposition before us must be resolved by an interpretation of the established facts in the light of what we regard as the settled jurisprudence of this State.
The material facts which we hold to have been established are that the ■ decedent, Millard Doyle Green, was a young, aggressive, sober, industrious and successful automobile salesman, somewhat inclined to be reckless and impetuous, but unquestionably an individual of ability, whose services were valued by his employer. Green’s activities were left almost entirely to his own judgment and discretion. There was no limitation nor restriction placed upon his territory and there were no fixed hours of employment. It was shown that Green often visited the Springhill Trade School for the purpose of contacting prospective customers, and, apparently, his success with prospects in this institution had been such that by com *180 mon consent this particular field was yielded to him without interference by other salesmen ' of the defendant. On the afternoon of November 23, 1949 Green made a trip to’ the trade school with the particular purpose in view of closing a deal for the sale of an automobile with one James Trent. Upon his arrival he found that Trent was not present but was expected in a short time, and, while waiting for Trent’s arrival, Green entered into conversation with a group of the men who were waiting for the beginning of classes. While so engaged Higgason made his appearance on the scene and issued a casual invitation to the group at large to take any one of them for a ride in his small plane which was located at a landing field in the near vicinity. It was alleged by defendants in their answer that at the time of this occurrence -Higgason was obviously intoxicated, and we think the facts established on trial are sufficient to substantiate this allegation. None of the group present showed a disposition to accept the invitation with the exception of Green, who, after remarking something to the effect that he had “just as soon sell him an automobile as anybody else”, embarked on the ill-fated expedition which resulted in his death.. It is further established that Green and Higgason had never met prior to this time and there is no evidence of any nature in the record with respect to any conversation between them. After taking off, according to the testimony of witnesses, the plane circled over the town of Springhill, buzzing certain sections, particularly the establishment of defendant, Heard Motor Company. After a brief period of time the plane crashed to the ground from a low altitude, with fatal results to both occupants.
In our opinion on hearing of this case on the exceptions cited supra, we made the following statement:
“Adverting to the determinative allegations of plaintiff’s petition-, we observe from the excerpts quoted supra that plaintiff asserts that the employee came to his death ‘while attempting to sell an automobile’, and further that the employee was ‘instructed’ to go wherever and to do whatever he might deem necessary or desirable in attempting to sell motor vehicles in the ■ interest and for the benefit of his employer. If these facts are susceptible of establishment, and we do not intend to minimize the obvious difficulty of such establishment, we think it likely that plaintiff thereby would comply with the requirements established by our jurisprudence in this connection.”
It is obvious that the question now before us is the same as that which was considered with respect to the exception, but now is to be resolved not on the basis of allegations which were there tálcen as true but in the light of facts established on trial.
Counsel for plaintiff in brief has summed up the grounds in support of the claim to recovery in the following statement:
“1. Green did not depart from the scope of his employment as he waited to close a deal with a hot prospect until the prospect arrived, and who later the same evening purchased the car that Green had intended to sell him.
“2. Green was about his master’s business as he gained a new friend and acquaintance whom he considered at least a potential customer at the time he embarked on his fatal mission.”
These contentions on behalf of plaintiff are answered by the following conclusions . asserted in brief of defendant’s counsel:
“1. That there is no evidence that Higgason was a prospect for or interested in purchasing an automobile.
“2. That there is no evidence that Green made an attempt to sell Higga-son an automobile.
“3. That Green’s employment did not reasonably require that he be in the airplane, the place where the accident happened. .
“4. That Green, by accepting the airplane ride, was engaged in a purely personal mission outside the course and scope of his employment.
“5. That Green deviated from the scope of his employment and subjected *181 himself to a dangerous instrumentality by flying in an airplane with a pilot who was obviously intoxicated.”
The judge of the district court observed that plaintiff had failed to show that Higgason was a prospect for the purchase of a car. With this observation we are in complete accord. The only possible support for plaintiff’s position in this respect rests upon the alleged remark by the decedent, Green, to the effect that he had “just as soon sell him an automobile as anybody else.” There is no evidence of any substance in further connection with this remark which would indicate that it was made with any serious intent or purpose. Our own opinion is that it was the sort of jocular, unconsidered statement which could have been expected as a normal reaction under the circumstances. '
To predicate the conclusion contended by plaintiff on such a tenuous and illogical trend would be beyond the reason of sound judgment.
We have given serious .consideration to the proposition, which has been forcefully indicated and strenuously argued in the instant case, that the duties of an automobile salesman entail the making of new contacts and a constant increase in the scope and extent of the salesman’s acquaintanceship. The pursuit of “winning •friends and influencing people” must be an essential endeavor of any salesman. But we cannot concede that every such activity, no matter how far removed from •practical considerations, in itself and by •itself, is sufficient to establish a connection ■with the contemplated course and scope of ■the salesman’s employment. There is a second and equally important requirement which, as we think, must concurrently exist, namely; proof of a reasonable and justified activity in the attempt to make a ■sale.
In other words, it must be proved that .a salesman in making a contact is actuated by a bona fide belief that the party is ■ or may be persuaded to become a prospect for the purchase of the goods, wares or ■merchandise he represents, and the sales.man must be actively engaged in the mission of effecting or attempting to effect a sale in order to be considered at such time as being in the course and scope of his employment. To hold otherwise would be equivalent to removing every conceivable limitation and restriction now placed by the statute and our jurisprudence upon the course and scope of employment doctrine.
In our opinion it is so clear that plaintiff has failed to establish any facts which would justify recovery on the ground that decedent was engaged in the course and scope of his employer’s business at the time of the occurrence of the accident that we deem it unnecessary to discuss the additional defense that decedent unnecessarily subjected himself to a dangerous instrumentality in undertaking to ride in a small plane as a guest of a pilot who was obviously intoxicated. This defense is secondary and its consideration would be determinative only in the event plaintiff had established her major premise that decedent was within the scope and course of his employment. ,
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.
McINNIS, J., recused.