HARDY, Judge.
Plaintiff brought this suit for the recovery of damages resulting from personal injuries allegedly sustained while a fare-paying passenger on a bus of the defendant company. After trial there was judgment in favor of defendant, from which plaintiff has appealed.
The basis for plaintiff’s action is found in the allegations in her petition to the effect that while disembarking from one .of defendant’s trolley buses, at the front door exit thereof, she slipped from the top of the 'bus steps to the cement curb of the sidewalk, causing the injuries of which she complains, and that the accident was caused by the particular acts of negligence of’defendant company and the operator of its bus in the failure to provide safe steps and a platform leading thereto which would protect passengers from slipping therefrom; further failure to observe and remove debris and slippery or glazed substances which created an unsafe condition upon or near the steps of the bus, and failure to warn alighting passengers of the presence of foreign material on or near the steps of the bus.
After an exception of vagueness, the filing of supplemental and amended petitions by the plaintiff, and an exception of no right of action which was referred to the merits, the defendant answered, specifically denying any negligence whatsoever and alternatively pleading the negligence and the contributory negligence of plaintiff as the cause of the accident.
The exception of no right of action which was tendered on behalf of defendant does not appear to have been urged before this court and we therefore consider the same to have been abandoned.
In order to aid an understanding of the facts upon which plaintiff relies for recovery, a brief description of the construction and physical features of the trolley bus is apropos. The operator of the bus sits in the left front of the vehicle and opposite him on the other side of the bus, that is the right front, double doors are located to provide for both the entrance and exit of passengers. A sort of vestibule or platform space exists between the bus operator and the doors which close flush with the bottom step of the bus. This bottom step is located at an approximate level with the average sidewalk curb. An intermediate step leads up to the platform. At the edge of the platform a metal strip is affixed across the entire width thereof, which threshold strip is three inches wide and four feet in length. Its surface is studded with raised metal knobs approximately three-sixteenths of an inch in height, designed to provide a firmer footing for boarding and disembarking passengers.
The accident occurred at approximately 3:15 P.M. on February 5, 1952 as the. *183 plaintiff was engaged in alighting from defendant’s bus, operated on what is known as the Fair Grounds route, at a regular trolley stop on Crockett Street in the downtown section of the City of Shreveport. The locations of bus stops in this section are established by city ordinance.
There is no basis for dispute nor indeed is there any contention between counsel for the parties litigant as to the general principles of law which are here applicable. A long line of authority has iterated and emphasized the pronouncements that a public carrier is required to show absolute freedom from negligence, the slightest showing of negligence being sufficient to establish primary liability, but concededly the burden of such a defendant does not extend to the necessity of establishing the cause of an accident nor is such a carrier to be considered an insurer of the safety of its paying passengers. Among the almost innumerable authorities which have established and maintained these propositions are Jakubec v. Southern Bus Lines, La.App., 31 So.2d 282; Brott v. Texas & Pacific Railway Co., La.App., 35 So.2d 801; Kendall v. New Orleans Public Service, La.App., 45 So.2d 541; Brown v. Homer-Doyline Bus Lines, La. App., 23 So.2d 348; Gross v. Teche Lines, Inc., 207 La. 354, 21 So.2d 378; Oppenheim v. Toye Bros. Yellow Cab Co., La. App., 7 So.2d 420; Jones v. Baton Rouge Electric Co., La.App., 192 So. 539, etc.
Proceeding to a consideration of the facts, which therefore must be determinative of the case, we observe that plaintiff testified that she pulled the signal cord as the bus approached the point at which she wished to disembark, rose from her seat, proceeded to the front exit door of the bus; that the door opened and she slipped on the “top of the landing”; that is, the platform. Plaintiff specifically asserted that she did not slip on one of the steps but on the upper landing platform before ■she began to descend the steps; that she fell to the ground with her left foot bent under her body; that at the time she was using the right hand rail at the exit, which appliance is provided for the purpose of aiding disembarking passengers, and that she did not observe any defects in the bus steps or platform.
We think plaintiff has failed to establish such a worn condition of the threshold strip at the edge of the landing platform of the bus as would justify a conclusion of negligence on the part of the defendant, but we pretermit any detailed discussion on this point in view of the fact that it is our firm conclusion that plaintiff’s narrative of the details of the accident has been overwhelmingly controverted by the testimony of other witnesses. The operator of the bus and several passengers testified positively that plaintiff did not slip from the platform. The testimony of these witnesses abundantly preponderates in support of the conclusion that plaintiff fell as she stepped onto the sidewalk. One of the female passengers on the bus, who so testified, elaborated to the extent of estimating the heels of plaintiff’s shoes as being approximately 2% inches in height. In view of this finding as to the point of plaintiff’s fall, we observe that there is not the slightest testimony or evidence of any nature which would link the accident to any negligence on the part of the defendant, its agents or employees. We are convinced in our own minds that plaintiff herself does not know with certainty how or from what point she fell or the cause thereof. We point out that the allegation of negligence directed at the presence of debris or trash is untenable under the established facts, and, indeed, this particular claim has not been urged before this court. Rather the burden of argument has been predicated upon the allegedly worn condition of the threshold strip. Inasmuch as we have found that plaintiff did not slip nor fall from the platform which was the location of this threshold strip, a finding which we think has been overwhelmingly indicated, it follows that plaintiff has completely failed to make out her case. On the other hand, defendant has successfully discharged. its burden of establishing its complete freedom from any negligence whatsoever.
For the reasons assigned the judgment from which appealed is affirmed at appellant’s cost.