71 So.2d 849 (1954)
224 La. 1078
GREEN
v.
HEARD MOTOR CO., Inc. et al.
No. 41220.
Supreme Court of Louisiana.
February 15, 1954.
On Motion to Dismiss Application for Rehearing March 17, 1954.
*850 Roy M. Fish, Springhill, for plaintiff-applicant.
Cook, Clark & Egan, Shreveport, for defendants-respondents.
FOURNET, Chief Justice.
We granted certiorari in this case to review the opinion and decree of the Court of Appeal, Second Circuit, affirming the judgment of the District Court rejecting the suit filed by plaintiff, Mrs. Delta Ree Bryan Green, individually and as tutrix of her minor son, Ronnie Doyle Green, against Heard Motor Company, Inc., of Springhill, La., and its compensation insurer, Maryland Casualty Company, to recover compensation for the death of her husband, Millard Doyle Green, an automobile salesman employed by the Heard Motor Company and killed as the result of a crash (the afternoon of November 23, 1949) near the Springhill Trade School of a two-seater airplane in which he was a passenger, being flown by one Phillip Higgason, from whom he had accepted an offer to take a ride while awaiting the arrival at the Trade School of James Trent, a student whom he had gone to see for the purpose of making a sale of an automobile.
Following hearing on the merits, the trial judge expressed the opinion that while Green "was probably in the course of his employment [at the time of his death] because he was employed to work at any time," inasmuch as the plaintiff had not shown to his satisfaction that "Higgason was a prospect for the purchase of an automobile" he concluded that Green had left the scope of his employment and consequently the employer was not liable. The Court of Appeal, in affirming the judgment of the Court below, expressed full agreement with the conclusions of the trial judge. 63 So.2d 178.
The plaintiff contends that the courts below failed to give due consideration to the latitude afforded Green in his work; that they took an unwarranted, restricted view of our compensation laws in holding that an automobile salesman is within the scope of his employment only when he is actually effecting a sale of an automobile, or is attempting to sell to a person who has shown himself to be interested in making such a purchase.
The defendants, on the other hand, asserting the correctness of the rulings of the courts below, contend that the plaintiff has failed to carry the required burden of proof to show that the deceased was killed in an accident "arising out of" his employment "in the course of" his employer's business, within the meaning of LSA-R.S. 23:1035. It is their contention that Green's presence on the Trade School grounds was for the specific and sole purpose of seeing a prospect, Trent, from which business he turned aside to engage in a purely personal, dangerous act, by accepting an invitation from a total stranger whose appearance at the time indicated that he was intoxicated; that there is, moreover, no evidence to show that Higgason was a prospect to purchase an automobile, or that there was any conversation between the two with respect to such a purchase.
The facts, as found by both courts below, are, substantially, that Green was employed by the motor company to sell automobiles on a commission basis, without limitation or restriction on his territory and without fixed hours of employment. He was a young, aggressive and successful salesman, unquestionably an individual of ability, whose activities were left to his own judgment and whose industry and vigor in pursuing prospects never flagged, day or night. Though of a venturesome turn, to the knowledge of his employers, he was of absolutely sober habits, was most highly regarded by officials of the company and his services were valued.
The record further reveals, as stated by the Court of Appeal, that "* * * Green often visited the Springhill Trade School for the purpose of contacting prospective customers, and, apparently, his success with prospects in this institution had been such that by common consent this particular field was yielded to him without interference by other salesmen of the defendant;" *851 and on the day when he received his fatal injuries he had gone to the school for the express purpose of closing a sale of an automobile to one of the students there, James Trent. Upon being informed by other students that Trent had not yet arrived, he joined the group and all were in conversation when Phillip Higgason appeared on the scene and extended a general invitation to give anyone a ride in his planewhereupon Green agreed to go, remarking to the group that he "would just as soon sell him [Higgason] an automobile as anyone else." The two walked together to the plane, located on a landing field about a hundred yards behind the school, entered the plane and ascended; after a brief period in the air over the town the plane crashed on the school grounds, resulting in the death of the occupants.
Both the District Court and the Court of Appeal concluded that the remark made by Green just before embarking on the flight, to the effect that he would just as soon sell an automobile to Higgason as to anyone else, was not sufficient to establish the fact that the deceased had gone up with Higgason as a prospect with a view of ultimately selling him a car. Such a restrictive interpretation of Green's activities as a salesman finds support in neither the letter nor the spirit of the compensation law and is not warranted in view of the duties of a salesman. While in compensation cases, as in all cases, our jurisprudence requires that the plaintiff must prove his case by a preponderance of the evidence, it is immaterial here whether it was shown that at the time of the injury Higgason was a prospect for the purchase of an automobile; nor do we think it was necessary to prove that Green, at the time of his injury, was actively engaged in effecting or attempting to effect a sale. Under the settled jurisprudence, the Workmen's Compensation Act, LSA-R.S. 23:1021 et seq., formerly Act 20 of 1914, as amended, being remedial in nature, should be given a liberal construction to accomplish the purpose intended. Dick v. Gravel Logging Co., 152 La. 993, 95 So. 99; Dyer v. Rapides Lumber Co., 154 La. 1091, 98 So. 677; Jones v. Powell Lumber Co., 156 La. 767, 101 So. 135; Byas v. Hotel Bentley, Inc., 157 La. 1030, 103 So. 303; Jones v. Hunsicker, 188 La. 468, 177 So. 576; Archibald v. Employers' Liability Assur. Corporation, 202 La. 89, 11 So.2d 492; and Dyer v. Rapides Lumber Co., 154 La. 1091, 98 So. 677, wherein the Court very aptly observed: "* * * workmen's compensation statutes are intended to take the burden of the waste of life and limb off the shoulders of workingmen and place it upon those of their employers, who in turn would distribute it amongst the consumers of the product. And in order to give such statutes the full benevolent effect intended by the lawmaker, it is essential that courts should give them a liberal interpretation." 154 La. at page 1096, 98 So. at page 679.
In the course of its opinion, the Court of Appeal [63 So.2d 181] said that Green's remark, without further substantial evidence of serious purpose, was, in its judgment, "the sort of jocular, unconsidered statement which could have been expected as a normal reaction under the circumstances"; the Court expressed the view that it "would be beyond the reason of sound judgment" to conclude, as contended by the plaintiff, that the statement made by Green indicated he was about his master's business, since "the salesman must be actively engaged in the mission of effecting or attempting to effect a sale in order to be considered at such time as being in the course and scope of his employment." With these observations we cannot concur.
It is, of course, the primary business of a salesman to sell the goods of his employer; but the means used to accomplish that end are incidental to and within the course of his employer's business. Purchasers are influenced in part by intangible considerations, and it is commonly known that good salesmanship results from a combination of factors, among which are the creation of good will and the making of contacts. It therefore follows that an activity engaged in with the end in view to promoting good salesmanship is clearly a *852 function arising out of a salesman's employment.
In the first place, there is nothing in the evidence that would warrant the conclusion that Green's remark was jocular and unconsidered; on the contrary, the record reveals that Green was serious in his work, was seeking business constantly, had an excessive amount of "drive and vim," and that all people were prospects to him; he was shown to have had the habit of "visiting and talking cars at ten or eleven o'clock at night," and the President of the motor company testified that because of a daredevil streak, he sold quite a few cars to persons with similar tendencies. In the second place, it is just as logical to conclude that Green was in the act of creating good will with a view to eventually selling Higgason a car, as there is logic in the deduction of the courts below that Green had gone to the Trade School on business because of the statement made to his employer: "I am going out to the Trade School, I think I have the car that Trent has been wanting."
In the case of Champagne v. Welsh Motor Car Co., La.App., 150 So. 35, the defendants contended, as do the defendants here, that plaintiff's right to recover was not established by the decedent's declarations with that certainty which the law requiresevidence of that nature having been admitted over objection in the trial court. In affirming the lower court's judgment the appellate court ruled, in effect, that the declarations of the decedent are substantive proof and competent evidence, and were sufficient to establish a continuity of action.[1]
We therefore conclude that the injury which resulted in Green's death occurred while he was performing services arising out of his employment in the course of his employer's business; and the fact that evidence was introduced to show that Higgason had been drinking is of no moment, since an employee is not, by reason of his negligence, excluded from the benefits of the Act. Garcia v. Salmen Brick & Lumber Co., 151 La. 784, 92 So. 335; Ferguson v. Cady-McFarland Gravel Co., 156 La. 871, 101 So. 248; Brown v. Vacuum Oil Co., 171 La. 707, 132 So. 117; Bourgeois v. J. W. Crawford Const. Co., 213 La. 992, 36 So.2d 13.
By amended petition filed in these proceedings, the plaintiff alleged her marriage to John Badamisaid marriage having occurred on July 6, 1951, and having terminated payments as to her. LSA-R.S. 23:1233.
The plaintiff is therefore entitled to compensation, for herself and her minor child, at the rate of 46¼% of $76.08, the average of the weekly wages admittedly earned by Green, to a maximum amount of $30 per week, beginning November 23, 1949, to the date of her remarriage; and from that date (July 6, 1951), on behalf of her minor child, at the rate of 32½% of $76.08 for the remainder of an aggregate period of three hundred weeks, with legal interest on each of these weekly installments from their respective dates of maturity until paid.
Being within the limits sanctioned by law, the fees of the attorney for the plaintiff will be fixed according to her prayer at 20% of the amount awarded by this judgment, provided the net amount does not exceed $1,000.
The plaintiff is entitled to claim, LSA-R.S. 23:1203, and has prayed for judgment covering medical, surgical and hospital services and medicines (to the amount of $500); reasonable burial expenses (of $250); and contingent expenses in connection therewith (of $50); but as she failed to offer proof in support of her allegations and prayer, as to these claims a non-suit will be entered.
For the reasons assigned, the judgments of the lower court and the Court of Appeal, Second Circuit, are annulled and set aside; *853 and it is now ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Delta Ree Bryan Green (Badami), and against the defendants, Heard Motor Company, Inc., and Maryland Casualty Co., Inc., in solido, for compensation for a period of 300 weeks beginning November 23, 1949, at the rate of $30 weekly through July 5, 1951, for herself individually and as legal representative of her minor son, and at the rate of $24.73 per week for the remainder of the period, on behalf of the minor, Ronnie Doyle Green, with legal interest from the due date of each installment until paid. It is further ordered, adjudged and decreed that the fee of Roy M. Fish as attorney for the plaintiff is hereby fixed at the sum of 20% of the amount awarded the plaintiff under this judgment, not to exceed $1,000, a proportionate amount to be collected from sums past due, the remainder to be collected and paid out of each weekly installment; and that plaintiff's demand with respect to medical, surgical and hospital services and medicines, and for burial and contingent expenses, is non-suited. The defendants to pay all costs.
HAMITER, Justice (dissenting).
My views respecting this action are in accord with those expressed by the Court of Appeal, 63 So.2d 178. Hence, I am of the belief that its decree, which approved the judgment of the district court, should be affirmed.
I respectfully dissent.

Motion to Dismiss Application for Rehearing
"Now Into Court, through undersigned counsel, comes Heard Motor Company, Inc., and Maryland Casualty Company, defendants in the above entitled and captioned cause, and with respect show:

"1.
"That on or about February 15, 1954, this Honorable Court rendered its opinion awarding judgment to the plaintiff herein for workmen's compensation.

"2.
"That subsequent thereto and within the delays allowed by law, defendants filed in this Honorable Court an application for rehearing.

"3.
"That subsequent to the filing of the application for rehearing, an amicable settlement of this case was reached between plaintiff and defendants.

"4.
"That defendants herein desire that the application for rehearing filed by them be withdrawn.
"Wherefore, defendants pray that the application for rehearing filed by them be withdrawn.
"Defendants further pray for all orders necessary and for general and equitable relief.
 "Cook, Clark & Egan
 "By: /s/ Sidney E. Cook
 "Sidney E. Cook
 "Attorneys for Defendants."
HAWTHORNE, Justice.

Order
Considering the foregoing motion,
It is hereby ordered that defendants, Heard Motor Company, Inc., and Maryland Casualty Company be and they are hereby permitted to withdraw the application for rehearing filed herein.
NOTES
[1] On application to this Court, certiorari was refused with the notation: "On the facts found by the Court of Appeal the judgment is correct."