THIEMANN v. NATIONAL REFRIGERATOR & FIXTURE CO., INC.

(October 29, 1928. Opinion and Decree.)

F. S. Norman, of New Orleans, attorney for plaintiff, appellee.

Dufour, Goldberg & Kammer, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. ad hoc. Frederick Thiemann, a young apprentice, working for the defendant company was injured as a result of being struck in the eye by a large knife belonging to the defendant company.

Thiemann's duties were to assist other workmen, principally cabinet makers, and to bring them tools and materials when required to do so. On the afternoon on which the accident happened, Thiemann was assisting a cabinet maker, named Frechou. Thiemann states that he understood Frechou to tell him to go get the shellac pot and the knife. The shellac pot was being used by another workman, named Kallenberg and the knife was sticking upright in a work bench along side the route which Thiemann had to travel in going for the shellac pot. As he reached the work bench in which the knife was sticking he grabbed for it apparently in too violent a manner with the result that the knife was knocked from its upright position to the bench from which it bounced up and hit Thiemann in the eye, resulting ultimately in the removal of the eye.

The defense is that Thiemann had not been told to get the knife, had never been allowed to use the knife, and that his grabbing for the knife constituted a wilful departure from his line of duty and that the resulting accident, therefore, did not arise out of his employment. The case of Pierre vs. Barringer, 149 La. 71, 88 So. 691, is relied upon by the defendant and is authority for the proposition that an employee, who voluntarily undertakes to do something that he is not bound to do, and which his duties do not require, and who in so doing, comes into contact with dangerous machinery or a dangerous implement which he is not allowed to use, is not injured in the course of his employment. We do not find it, however, necessary to determine whether or not the legal principle invoked by defendant is applicable to this case, because we believe that there is in the record sufficient evidence to justify us in finding that young Thiemann acted as he believed he was instructed to act. Defendant readily admits that if, Thiemann was instructed to get the knife or if he believed he was instructed to get the knife, even though he was not actually so instructed, he would be entitled to recover in compensation for injuries resulting from his attempt to get it, although, in doing so, he may have acted carelessly or playfully. The testimony of the boy, while it may be characterized as hesitating and slightly contradictory in unimportant details, nevertheless, is to the effect that he believed he was instructed to pick up the knife. It is true that Frechou states that he did not instruct him to get the knife but there is no dispute that there was a great deal of noise which might have prevented Thiemann from hearing perfectly what was said and furthermore it is very plain from the record that Frechou was either tongue-tied or talked in such low tones as could be barely understood. In fact, the trial Judge on two or more occasions had to caution him to speak louder as he could not be heard.

An attempt was made to show that no one in the employ of the company, except a man named Coates, had ever used the knife in question and that the knife was always kept in Mr. Coates' office. In our opinion, the evidence does not conclusively

show this, but on the contrary it appears that Frechou, himself, had used the knife on previous occasions, infrequent though they were, and it is beyond dispute that at the time of the accident the knife was not in the office of Mr. Coates but was on the bench right along side of the place where the plaintiff had to pass.

For these reasons it does not appear to us that the defendant has shown conclusively that the plaintiff was not acting within the scope of his employment at the time of the accident, or, at least, that he was not doing what he thought his duties required.

For these reasons the judgment appealed from is affirmed at the cost of appellant.