GARIC v. GARIC ET AL.

---

(October 20, 1930.   Opinion and Decree.)

---

Richard A. Dowling, of New Orleans, attorney for plaintiff, appellee.

Frank T. Doyle and Harry M. Mayo, Jr., of New Orleans, attorneys for defendants, appellants.

WESTERFIELD, J.   This is a suit under the compensation law (Act No. 20 of 1914, as amended).   The facts are not in dispute.   Plaintiff, Sam Garic, was employed as a baker by the defendants at a salary of $26 per week.   On June 12, 1929, as a result of an altercation with a party by the name of Frank Horac, he was assaulted with an iron weight and his arm broken, causing him to be incapacitated for a period of twenty-five weeks.   Horac was a lessee and occupied part of the building in which defendants' bakery was located.   The assault took place in the building after plaintiff had ceased work for the day but before he had started home.   It is admitted that if plaintiff is entitled to compensation he should be awarded the sum of $16.90 per week for a period of twenty-five weeks.

The case is defended upon the ground that it comes within the authority of Conaway v. Marine Oil Co., Ltd., 5 La. App. 134, Id., 162 La. 147, 110 So. 181.   In that case we held that the dependents of an employee of an oil station who was killed by a shot from a revolver accidentally discharged by a fellow workman, were not entitled to recover because the injury which resulted in Conaway's death did not arise out of his occupation for the reason that there was "no causal relation between the source of his injury and the character of his employment.   Conaway's duties did not expose him to the danger of accidental shooting nor is there any allegation that the revolver from which the shot was fired belonged to Conaway's employer and was kept on the premises for protection and possible use in defense of defendant's property.   We cannot say that there was any feature of Conaway's employment which was a contributing or proximate cause of his injury.   It was no more to be expected that Conaway would be shot while at work in the manner alleged and by a careless fellow servant than that he should be similarly injured at home by a member of his family.   It happened that he was shot while at work.   He was

no more exposed to such injury while at work than otherwise and elsewhere."

In the case at bar, Horac, defendants' lessee, occupied a part of the same building in which the plaintiff was required to work and the plaintiff was exposed to the danger of injury resulting from his combative character, violent or vicious characteristics. The danger of injury from that source was accentuated by proximity due to the location of defendants' bakery in the same building with Horac. We believe the instant case to be controlled by the case of Ferguson v. Cady-McFarland Gravel Co., 156 La. 871, 101 So. 248, 249, where the court permitted the dependents of a laborer who was killed as a result of a blow on the head with an iron instrument in the hands of a fellow employee to recover for the reason that "an employee, like the decedent, who may have an enemy among his fellow employees in the same gang in which he is required to work, necessarily comes in contact with such enemy throughout all hours of the day, and is constantly exposed to assault and bodily harm. He therefore incurs greater risk necessitated by his employment than a person ordinarily would be subjected to outside of such employment."

See also Byas v. Hotel Bentley, Inc., 157 La. 1030, 103 So. 303.

Our attention is called to the fact that the learned judge of the trial court in awarding judgment for plaintiff inadvertently allowed more than the compensation admittedly due in the agreed statement of facts. His judgment must, therefore, be amended.

For the reasons assigned it is ordered, adjudged and decreed that the judgment appealed from be amended so as to read as follows:

It is ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Sam Garic, and against the defendants, Robert Garic and Sterling Garic, in the sum of $16.90 per week for twenty-five weeks beginning June 12, 1929, with interest at the rate of 5 per cent per annum on each installment from its due date and for all costs.