CHRISTOFFERSON v. BOARD OF COM-
MISSIONERS OF THE PORT OF
NEW ORLEANS

(November 17, 1930.  Opinion and Decree.)

Swords & Jung, of New Orleans, attor-
neys for plaintiff, appellee.

Harold A. Moise, of New Orleans, attor-
ney for defendant, appellant.

JANVIER, J.  This is a suit for com-
pensation brought by the widow of a for-
mer dock patrolman, employed by the board
of commissioners of the port of New Or-
leans, one Charles Christofferson, who,
while patrolling his beat in the line of
his duty, was shot and killed by one Stuart,
an employee of a private detective agency.

The said Stuart was insane at the time
of the killing and has since been commit-
ted to an insane asylum.

The facts are admitted, and the sole
question presented depends upon an inter-
pretation of the Workmen's Compensation
Law of this state.

The district court, having come to the
conclusion that the statute affords protec-
tion under such circumstances, rendered
judgment as prayed for.  That judgment is
now assailed.

Defendant contends:  That the Compen-
sation Statute, being Act No. 20 of 1914, as
amended, contemplates two classes of em-
ployees, those of the state, parish, munici-
pality, and the various public boards and
bodies, and those of the private employer;
that an employee of the state, parish, etc.—
a public employee—is automatically placed
under the protection of the act, whether he
wishes it or not, while the employee of the
private master has the option, as has his
employer, to declare that the act shall not
apply; that in the case of the private em-
ployee recovery can be had if the injury oc-
curs while the employee is performing serv-
ices incidental to his employer's trade,
business, or occupation, regardless of any
lack of causal connection between the ac-
cident and the employment, while in the

case of the public employee there can be no recovery even if the employee is injured while at work, unless the accident which caused the injury had causal connection with the employment.

It is thus argued that, if Christofferson had been in the employ of a private person, firm, or corporation, his death, while at work, would have entitled his widow to compensation, even though the cause—his being shot by an insane person—according to counsel for defendant, had no causal connection with the employment, but that, since he was in the employ of a public board, his death, under such circumstances, does not give rise to liability under the statute.

This distinction between the two classes of employees is said to result from certain language contained in the statute in question.

Section 1 of Act 20 of 1914 clearly has application only to employees of the state, parish, township, public board, or commission, etc.

Section 1, paragraph 2, of that act clearly includes only employees of private firms, persons, and corporations.

Section 2 provides that, in the case of the employees listed under section 1, paragraph 1 (public employees), recovery can be had only for injuries sustained as the result of "accident arising out of and in the course of such employment."

If, however, section 2 is to be limited in its meaning to public employees only, then the entire act appears to be meaningless so far as private employees are concerned, because it does not appear that in any other part of the act is there any statement making the private employer liable to the private employee, though such was the very purpose for which the statutes were enacted. In other words, paragraph 1 of section 1 defines "public employees"; paragraph 2 of section 1 defines "private employees"; and section 2, which contains only one paragraph, states that under certain circumstances, the public employer shall be liable to the public employee, but there is no section similar to section 2 which applies to private employees.

The argument of counsel for the defendant is most ingenious and does not seem to be without considerable foundation. There is unquestionably, in the original statute and in the amendments, language which, if limited to the private employee, would mean that recovery in his case depends entirely on the employment, and there is other language which, if limited to the case of the public employee, would prevent recovery in his case unless the accident causing the injury has causal connection with the employment. But a reading of the whole statute and of the decisions of the Supreme Court interpretative thereof leads to the inevitable conclusion that no such distinction was intended to be made by the legislators who enacted the statute in question, and it is very evident that our Supreme Court is of this opinion, because, in Ferguson v. Cady-McFarland Gravel Co., 156 La. 871, 101 So. 248, that court applied to the case of a private employee the standard which, if counsel here is correct, should be applied only to the public employee. In that case it was found necessary to determine whether intentional assault by one employee on another was

"an accident arising out of the employment."

If the distinction which counsel contend for really exists, the court need not have come to any other conclusion than that a private employee may recover if an injury arises "in the course of the employment," causal connection between the accident and the work being unimportant. The court, however, was not content with finding that such injury was sustained in the course of the employment, but, having so determined, found it necessary to investigate whether such an attack was an accident, and whether, if such an accident, it "arose out of the employment."

But even if the distinction for which counsel for the defendant contend really exists, still we are of the opinion that, under the facts presented here, in view of the opinion of the Supreme Court in the Ferguson case, the situation would not be saved for the defendant by that distinction, because in that case it was held, as we have stated, that an attack by a personal enemy while at work constitutes an accident arising out of the employment, and that conclusion is based on the reasoning that such employment was made more hazardous by enforced collaboration with a possible personal enemy. We see no reason to distinguish between the danger of being forced to work alongside of a possible personal enemy and the risk of being forced to work near a possible insane person. In neither case was the mental condition which caused the injury known to either the employer or the employee.

The judgment appealed from is affirmed at the cost of appellant.

HIGGINS, J., takes no part.