ST. PAUL, J.
 

 This is a claim for Workmen’s Compensation ; allowed by the district judge, denied by the Court of Appeal; which we have concluded to investigate.
 

 Plaintiff was employed by defendant as a pipe fitter at a wage of $33 per week. He was directed to do some outside work and then return to the mill. On returning he stepped out of a street car into the path of an automobile ; was struck down, and permanently and totally injured; and now claims compensation.
 

 I.
 

 The first question is: Were his injuries sustained whilst he was “performing services arising out of and incidental to his employment in the course of his employer’s trade, business or occupation in the following hazardous trades, businesses, or occupations * * *”? Act No. 20 of 1914 (Employers’ Liability Act i. e. Workmen’s Compensation Statute) § 1, subd. 2.
 

 As the statute provides for compensation to be paid to an employee injured “in the course of his employer’s trade, business or occupation in the following hazardous trades, businesses and occupations, * * *” it is to the nature of the “trade, business, or occupation” of the employer, and not to the particular work in which the employee may be engaged when injured, that we must look to see if the .statute applies. In this instance it is not questioned that the statute applies; defendant being engaged in the operation of “mills, * * * [to wit] cotton oil mills.”
 

 II.
 

 It remains therefore only to examine whether plaintiff’s injuries were sustained whilst he was “performing services arising out of and incidental to, his employment.”
 

 Services “arise out of” and are “incidental to” an employment, whenever the employment calls for just such services. And whenever the employer calls upon the employee to render any particular service, he, at least (that is to say, the employer himself), is in no position any longer to deny that the services thus requested arise out of and are incidental to the employment. Otherwise, by what right has the employee been called upon to perform them?
 

 Accordingly, the question whether or not the services being rendered by the employee, at the time when he is injured, arise out of and are incidental to his employment, cannot be raised when the employee has been
 
 *437
 
 given special instructions to perform the particular services in which he was engaged at the time he was injured, but only when the employee has undertaken such service on his own initiative as being actually or presumably within the scope of his duties.
 

 III.
 

 The statute then provides (Act No. 20 of 1914, § 2) that in all cases to which it applies, compensation shall be paid to an employee who suffers personal injuries by “accident arising out of and in the course of such employment.”
 

 Now an accident
 
 occurs in the course of an employment
 
 when it takes place during the time of such employment; just as a happening occurs in the course of any given day when it takes place during that day. Hence the provision that the accident, to entitle the employee to compensation, must occur in the course of his employment, means nothing more than that it must have taken place during the hours of employment and not at any other time.
 

 ■ In this case the accident occurred very certainly “during the course” of plaintiff’s employment, since he was on his way back to the mill pursuant to express instructions.
 

 IV.
 

 But that alone is not enough for recovery; the statute further requires that the accident must also “arise out of” the employment. By which is meant, that the accident must be the result of some risk to which the employee is subjected in the course of his employment and to which he would not have been subjected had he not been so employed. But time, place, and
 
 circumstance
 
 must determine this. When the ill-fated Titanic foundered in the spring of 1912, all persons aboard her were situated exactly alike as to
 
 time and place; but they were not
 
 all situated alike as to
 
 circumstance.
 
 Those who traveled for pleasure were present of their own free choice alone; those who traveled for business, whether their own or that of another, were there
 
 of necessity.
 
 And, when one finds himself at the scene of accident, not because he voluntarily appeared there but because the necessities of his business
 
 called him there,
 
 the injuries he may suffer by reason of such accident “arise out of”
 
 the necessity
 
 which brought him there, and hence “arise out of” his employment, if it so be that he was
 
 employed
 
 and his employment required him to be at the place of the accident at the time when the accident occurred.
 

 In determining, therefore, whether an accident “arose out of” the employment, it is necessary to consider only this: (1) Was the employee then engaged about his employer’s business and not merely pursuing his own business or pleasure; and (2) did the necessities of that employer’s business reasonably require that the employee be at the place of the accident at the time the accident occurred?
 

 The question whether or not the employee
 
 might
 
 have been injured in the same way, and even at the same place and time had he not been called there by the necessities of his employer’s business, but had gone there only for his own pleasure or in pursuit of his own business, has nothing whatever to do with the case. It was his employer’s business which called him to the place and time of the accident and not his own pleasure or busi
 
 *439
 
 ness; and hence his injuries arose out of his pursuit of his employer’s business and not out of his pursuit of his own business or pleasure.
 

 In the final analysis that is the sum and substance of the principle on which all compensation cases rest, notwithstanding the many
 
 words
 
 in which that principle has been wrapped up. It has even been held that an employee is engaged about his employer’s business whilst going to and coming from his employer’s place of business, provided he pursued the usual and least hazardous means of reaching and leaving his employer’s premises.
 

 But it would serve no good purpose to epitomize the numerous cases in which the courts have followed (perhaps even subconsciously) the principle which we have stated above. Suffice it to list some of them here, as follows; the three first being particularly applicable and practically conclusive of this case and of the principle hereinabove stated, to wit: Cudahy Packing Co. v. Parramore, 263 U. S. 418, 44 S. Ct. 153, 68 L. Ed. 366, 30 A. L. R. 532; Myers v. La. Ry. & Nav. Co., 140 La. 938, 74 So. 256; Dyer v. Rapides Lumber Co., 154 La. 1091, 98 So. 677; Prevost v. Gheens Realty Co., 151 La. 508, 92 So. 38; Sears v. Peytral, 151 La. 971, 92 So. 561; Ferguson v. Cady-McFarland Co., 156 La. 871, 101 So. 248; Byas v. Bentley Hotel, 157 La. 1030, 103 So. 303; Brown v. Vacuum Oil Co., 171 La. 707, 132 So. 117; Jones v. La. Central Lumber Co., 2 La. App. 260; Ward v. Standard Lumber Co., 4 La. App. 89; Baker v. Texas Pipe Line Co., 5 La. App. 25; May v. La. Central Lumber Co., 6 La. App. 748; Ferguson v. Cady-McFarland Co., 7 La. App. 97; LeBlanc v. Ohio Oil Co., 7 La. App. 721; Thiemann v. National Refrigerator Co., 9 La. App. 389, 120 So. 512; Patrick v. Grayson
 
 &
 
 Yeary, 13 La. App. 228, 127 So. 116; Plick v. Toye Bros. Auto Co., 13 La. App. 525, 127 So. 59; Liner v. Riverside Gravel Co., 13 La. App. 664, 127 So. 146; Garic v. Garic, 14 La. App. 585, 130 So. 563; Christofferson v. Bd. of Commissioners, 15 La. App. 21, 130 So. 887; Zabriskie v. Erie Ry. Co., 86 N. J. Law, 266, 92 A. 385, L. R. A. 1916A, 315.
 

 We are therefore of opinion that the Court of Appeal erred, and that plaintiff is clearly entitled to recover.
 

 V.
 

 The maximum compensation allowed by the statute is $20 per week (Act No. 242 of 1928, p. 357, § 8, subd. 3). The trial judge allowed more than this, and his judgment must be reduced accordingly.
 

 The trial judge properly allowed the fees of the physicians paid by plaintiff. They were part of the damages suffered by him and properly recoverable.
 

 The claim of the Charity Hospital was also properly allowed. If defendant was not properly notified “with bell, book, and candle” before the suit was filed, it received sufficient notice when the hospital made its claim herein. Cf. Act No. 29 of 1928.
 

 Decree.
 

 For the reasons assigned, the Judgment of the Court of Appeal is reversed and set aside. It is further ordered that the judgment of the district court be amended by reducing the amount allowed plaintiff to the statutory maximum of $20 per week; and its thus amended said judgment . is affirmed, at defendant’s cost in all courts.