As stated in the majority opinion this case turns upon a question of law, and I am unable to concede the pertinence and applicability to the instant case of the authority cited, namely, Kern v. Southport Mill, Ltd., 174 La. 432, 141. So. 19, and St. Alexandre v. Texas Co. et al., La. App., 28 So.2d 385, which latter case quotes an article in the Indiana Law Journal, Volume 21, No. 4.
The facts in Kern v. Southport Mill, supra, are so entirely different from those involved in the case before us as to render any enunciations of principle or pronouncements contained in the opinion purely obiter. The majority opinion seizes upon and emphasizes an expression found in the opinion in the Kern case [174 La. 432, 141 So. 21], "not merely pursuing his own business or pleasure". Reference to standard and accepted dictionaries discloses the definition of merely to be, among others: "only, singly, including nothing else, barely". Under the undisputed facts of this case I respectfully ask: How can an employee engaged in cutting a stick of wood on a buzz saw, which act and the purpose thereof included nothing else except the satisfaction of his own personal interest, be considered as having been in the course of his employment and engaged upon his employer's business at the time? It may be argued that his attention to the minor and momentary detail of cutting stove wood did not prevent him from giving supervision to the machinery of his employer under his charge. The test, in my mind, is not his attention, but his ability to perform his employer's work if it had been required at the exact moment. Obviously it would have been necessary for him to have first desisted from the work he was doing in his own interest and for his own advantage. And, under such circumstances, I protest that the doctrine of employer's liability is being carried to an absurd extreme.
With respect to the holdings in questions involving a pause in employment for acts of a personal nature, for purposes of refreshment, brief recreation, etc., I am not impressed by the asserted analogy. All of these actions are definitely to be considered as in the employer's interest because they are for the benefit of the employee as an employee, enabling him the better to give his time, attention and best effort to his employment. Non constat in the instant case, since the cutting of the stove wood did not advance the employer's business or the employee's efforts in the course of his employment.
Being of the opinion that the use of a dangerous instrumentality by an employee in the prosecution of the exclusive service of his own personal interest is not an incident to his employment within the interpretation and meaning of the Workmen's Compensation Statute, I respectfully dissent.