HARDY, Judge.'
This is a compensation suit in which plaintiff seeks recovery from his employers and their insurer for total permanent disability at the maximum rate, together with statutory penalties and attorney’s fees. After trial there was judgment in favor of defendants rejecting plaintiff’s demands, from which he has appealed.
There is no real dispute as to the material facts involved and the issue here presented may be reduced to a question of laws as hereinafter set forth.
*609 The defendant, Cecil Ballard, contracted to cut certain standing timber located in Grant Parish, Louisiana, owned by Frost-Johnson Industries, which concern is not a party to this suit. Ballard employed plaintiff and his partner, one Robert Guin, to cut and peel piling at a stated price per. foot, after which operation the piling was hauled and loaded by defendant, Ballard. Plaintiff and his partner, Guin, employed a crew of from four to six men in their operations, with which crew both partners worked in the same character of labor. Plaintiff and his partner used a truck in the transportation of their labor, tools, etc., to and from the site of the work in which they were engaged.
The record is clear on the point that Norred and Guin employed a bookkeeper, W. P. Williams, who lived at Colfax, and whose duties were to keep all necessary records in the interest and for the benefit of the said partners. These duties were set out by Williams in his testimony as. follows:
“I did all book work except make their pay checks; answered their letters, made their reports and, in other words, they asked me to take care of their book work for them.” .
On the afternoon of Saturday, October 4, 1952, having made an appointment to meet Williams, plaintiff was cn route from Montgomery to Colfax in his truck when the vehicle was involved in an accident, as the result of which he sustained the injuries which caused his disability. Admittedly the purpose of the trip was designed to provide Williams with the information necessary to the preparation of reports and records.
Plaintiff contends that at the time of the accident he was engaged in a mission in the interest and for the benefit of his employer, Ballard. If this contention be sustained, it necessarily follows that plaintiff is entitled to compensation.
We note that counsel for both plaintiff and defendants consistently refer to plaintiff as an employee, which designation we think is erroneous, because it appears clear to us thát plaintiff and his partner occupied the status of independent contractors with respect -to 'Bállard. ■' Howevet, this point is immaterial 'in view of the fact' that such status would not militate against the recovery of compensation by plaintiff' if he was injured while performing manual labor in the course of the performance of his contract.
Nor do we think it necessary to concern ourselves with a discussion of the law applicable to the fact that plaintiff was injured after working hours on a Saturday afternoon. In our opinion it .is only necessary for us to determine whether plaintiff was injured while engaged in the business of his employer, and to this point we address our discussion.
Authorities cited by counsel for plaintiff point the identical question raised in this case. In Jinks v. Burton Sutton Oil Co., La.App., 44 So.2d 343, 345, the court posed the question in these words:
“Was the employee then engaged about his employer’s business and'not merely pursuing his own business or pleasure; * *. *?” ■ (Emphasis by" the court.)
In Pitre v. Louisiana Highway Commission, La.App., 161 So. 894, the court predicated the ngnt to recovery upon the factual conclusion that the making of the daily report which was the purpose of the trip in, which the decedent employee met with a fatal accident was a part of the employee’s duties under his employment.
Again in Kern v. Southport Mill, 174 La. 432, 141 So. 19, and in Warren v. Globe Indemnity Co., 217 La. 142, 46 So.2d 66, the Supreme Court used the identical distinction above quoted from Jinks v. Burton Sutton Oil Co. as between the right of an employee engaged upon his employer’s business and the right of an employee who was pursuing his own business or pleasure.
We think the conclusion which has been ciearly established in the above cases, is eminently appropriate to the determination of the instant claim.
*610 Under the facts we think there can he no reasonable argument on the point that at the time of the accident Norred was engaged in the prosecution of Ms own business and not in the duties of his employment. This being the fact, it inevitably follows that plaintiff’s demand was properly rej ected.
For the reasons set forth the judgment appealed from is affirmed at appellant’s cost