On Motion for Rehearing
PER CURIAM.
In a motion for a rehearing, appellee strenuously urges to the issues presented here the applicability of the ruling of the Supreme Court in Kern v. Southport Mill, Limited, 174 La. 432, 141 So. 19, and the inapplicability of the ruling in Story v. Globe Indemnity Co., 223 La. 689, 66 So.2d 611.
In the Kern case, compensation was sought from the employer, while here the claim is against the insurer. This ordinarily would be a matter of little or no importance, but here^ the defendant’s liability under its compensation insurance policy only extended to and covered the insured’s employees for injuries arising out of and incidental to the employer’s business of operating a wholesale oil and gasoline and building material business. That such business was hazardous within the contemplation of the Compensation Act, LSA-R.S. 23:1021 et seq., does not admit of dispute. But the policy of insurance did not purport to cover other activities of the *261 employer which were foreign to and in nowise connected with the aforesaid business. Plaintiff when injured was not engaged in the performance of any duties contemplated by his employment in the insured’s business, nor was he returning to his employment or to the employer’s premises at the time of the accident. In the Kern case, the employee was returning to the employer’s premises to resume the duties of his employment. It was not the employer’s business insured by defendant which called plaintiff to the place of the accident at the time it occurred, and, hence, it could not be said that his injuries arose out of the pursuit of his employer’s aforesaid business. Neither was plaintiff returning to his employer’s premises or business so as to justify a holding that he was engaged in the performance of his employment.
Thorough re-examination of the Kern case leads us to the conclusion that it supports our finding in the instant case. The court was careful to enunciate the principle that an accident arose out of the employment when it is concerned with the prosecution of the necessities of the employer’s business. We think the following quotation is self-explanatory:
“In determining, therefore, whether an accident ‘arose out of’ the employment, it is necessary to consider only this: (1) Was the employee then engaged about his employer’s business * * *; and (2) did the necessities of that employer’s business reasonably require that the employee be at the place of the accident at the time the accident occurred?” [174 La. 432, 141 So. 21.]
In the instant case the work in which plaintiff was engaged at the time of the accident had no possible connection with the necessities of his employer’s business against the hazard of which this defendant had entered into a contract of insurance.
The Story case, cited in our original opinion, presents a strikingly similar factual situation, the ruling in which, if not controlling, is very persuasive, and if there is any conflict with the Kern case, then the Story case presents the later opinion and expression of the Supreme Court. It was there held that, although if it be conceded as definitely proved that the insured at the time of the accident was still engaged in the plumbing business, it was not established that decedent was performing services arising out of and incidental to his employer’s plumbing business when rendering similar services for his employer at his employer’s private camp on Amite River. By the same process of reasoning, it could not be said that plaintiff was performing services arising out of or incidental to the wholesale gasoline and oil and building material business in rebuilding a fence at his employer’s private residence, admittedly, under the statute, a non-hazardous undertaking.
The motion for a rehearing is, therefore, denied.