HOOD, Judge
(dissenting).
The rule which is applicable in determining whether an accident is one “arising out of” the employment is clearly and concisely set out in the leading case of Kern v. Southport Mill, Ltd., 174 La. 432, 141 So. 19, as follows:
“In determining, therefore, whether an accident ‘arose out of’ the employment, it is necessary to consider only this: (1) Was the employee then engaged about his employer’s business and not merely pursuing his own business or pleasure; and (2) did the necessities of that employer’s business reasonably require that the employee be at the place of the accident at the time the accident occurred?”
The time, place and circumstance doctrine announced in the Kern case has been recognized and applied by appellate courts in this state on numerous occasions. We applied it recently in Rogers v. Aetna Casualty & Surety Company, La.App., 173 So.2d 231.
In the instant suit the accident occurred during the hours of plaintiff’s ¿mployment, but'it did not occur at the place of the employment and it did not occur while the employee was engaged about his employer’s *851 business. Applying the rule set out in the Kern case, therefore, the accident cannot be said to be one “arising out of” plaintiff’s employment, because only one of the three essential requirements is persent to satisfy that test. Since the accident did not occur at the place of the employment and since the plaintiff was not engaged about his employer’s business, but was merely pursuing his own business or pleasure at the time the accident occurred, I feel that the accident clearly was not one “arising out of” the employment, and thus is not covered by the workmen’s compensation law.
For these reasons I respectfully dissent from the refusal of the majority to grant a rehearing.
CULPEPPER, J., dissents for the reasons assigned by HOOD, J.