SCHOTT, Judge.
The plaintiff has taken this appeal from a judgment which dismissed her claim for Workmen’s Compensation benefits arising out of the death of her husband on July 17, 1966. The issue in this case is whether decedent’s death was the result of “accident arising out of and in the course of his employment” so that it was covered by LSA-R.S. 23:1031.
At the time of his death decedent had been employed by the defendant bakery for 23 years and was the supervisor and general manager. His duties were such that he was on call at all times. His fatal accident occurred at his home on a Sunday afternoon.
On the day before his death decedent had brought home an electric blower of the type which was used in the bakery for the purpose of blowing flour from crevices and cracks and from the machinery in the bakery. The plaintiff testified that she had seen this blower on three or four occasions over the four or five years previous to the accident when her husband had brought the machine home in order to oil it, clean it or brush it out. On the day of the accident, the plaintiff had been engaged in her housework and while she was in the garage running her clothes dryer she saw her husband occupied with the blower. She asked him what he was doing with the machine, to which he replied, “I really just have to test it,” or words to that effect.
The house occupied by plaintiff and her husband consisted of a 4-bedroom frame dwelling in the City of New Orleans with a garage located to the rear of the house. Facing the house there was a driveway on the left side leading from the street to the garage and consisting of paved strips, being about 30 or 40 feet from the front of the house to the garage.
At some point in time on this fatal day the plaintiff had trimmed the grass along the side of one of the concrete strips of the driveway by means of an electric edger, having started from the garage and having worked just past the front gate which was near the street when she interrupted this chore and returned to the inside of her house to look after her cooking. She then heard the blower in operation for two or three minutes and then stepped out of her kitchen in order to call her husband in for his meal. At that time he was in the process of moving from the garage down the driveway to the front gate, using the blower with an extension cord in order to remove the blades of grass from the driveway. When his wife called him he answered, “I’m killing two birds with one stone, I’m testing,” or words to that effect. The plaintiff watched her husband move with the blower in his hand toward the front gate and at the time that he reached the front gate he put his hand on top of the gate in order to open the latch, whereupon he was electrocuted.
The two statements by the decedent, one while he was in the garage and the other while he was using the blower along his driveway, were both objected to by defendants but the trial judge overruled the objections and admitted the statements into *876 evidence. In this Court the defendants have urged that this ruling was incorrect and contend that the statements should be disregarded. For our purposes, we need not pass upon the admissibility of those statements because the result is the same whether the statements are admissible or not.
Plaintiff proved from the autopsy report and the Assistant Coroner who examined the decedent that his death was caused by a heart attack resulting from an electrical .shock. According to the report, the time of death was 5:20 PM. Plaintiff also proved from the testimony of an electrical engineer and expert who inspected the blower and the extension cord after the accident that the cause of the accident was the fact that although the wiring system in the machine consisted of three wires which would necessitate a three-pronged cap for proper performance, this particular machine incorrectly had a two-prong cap attached to the wires of the machine and plugged into a two-wire extension cord so that depending upon how the plug was inserted into the electric outlet, electricity would either be grounded at the outlet or surge through the frame of the machine. When the decedent touched the steel page fence gate while holding the machine his body was grounded causing electric current to surge through his body.
It is plaintiff’s position that at the time of his death her husband was testing the blower for the benefit of his employer so that his death was covered for Workmen’s Compensation even though he may at the same time of his death have been engaged in the personal business of blowing the grass from his driveway. Plaintiff contends that her husband’s death was therefore from accident arising out of and in the course of his employment. Plaintiff relies on the principle of law enunciated in Keller v. Wallace Industrial Contractors, (La.App. 1st Cir. 1969) 224 So.2d 31:
“ . . .an employee, whose job gives him wide latitude in carrying out his duties, can be engaged in the personal mission, and at the same time, be furthering the interests of his employer. The two interests are not mutually exclusive.”
At the trial, the defendants offered evidence to show that shortly after the accident plaintiff stated to several individuals that her husband had been using the blower to blow grass off the sidewalk without making any reference to the fact that he was testing the machine. Furthermore, defendants raise the question as to whether the blower did in fact belong to Ace Bakery based on a statement made by plaintiff to the bakery’s owner shortly after the accident that she did not know where he had gotten the blower. The owner and two of the bakery’s employees all testified that they had the same type of blower in the bakery but there was a three-prong plug. Finally, the plaintiff testified that there were electrical plugs and outlets in the garage where the decedent was working before the accident, and defendants contend that if he was testing the blower for the benefit of the bakery there was no need for him to leave the garage in order to complete that operation. Unquestionably, these factors developed by defendants tend to weaken plaintiff’s case but for purposes of this appeal they may be disregarded in order to provide her with the full benefit of any doubt.
In order for the plaintiff to recover, she must prove that her husband’s death occurred by reason of an accident arising out of and in the course of his employment. In the case of Kern v. Southport Mill, 174 La. 432, 141 So. 19, it was held that in order to determine whether the accident arose out of the employment it is necessary to consider (1) was the employee then engaged about his employer’s business and not merely pursuing his own business or pleasure; (2) did the necessities of that employer’s business reasonably require the employee be at the place of the accident at the time the accident occurred ?
*877 When these tests enunciated in the Kern case were discussed in Keller v. Wallace Industrial Contractors, supra, the Court held that each case of this type must be decided in the light of its own circumstances. See also Courville v. National Food Stores of Louisiana, Inc., 174 So.2d 251 (La.App., 3d Cir. 1965).
In the final analysis, plaintiffs case rests only upon evidence which fairly establishes that the blower belonged to the bakery and upon the two statements made by decedent to plaintiff that he was testing the blower in the garage and was still testing the machine while blowing the grass from his driveway when his wife called him to come inside. At that point he continued to blow the cuttings along the driveway and apparently intended to go out of the gate and complete his task when the fatal electrocution occurred.
In the first place, the evidence is not sufficient to show that at the time he was electrocuted the decedent was acting for his employer and not merely pursuing his own business or pleasure.
There is no evidence to explain what decedent meant by this “testing” or to show the reason for or the extent of such a procedure. The “testing” he spoke of may have been necessary in his mind only because of the disastrous plug change which directly linked the blower case to one side of the 120-volt line.
Furthermore, there was no evidence to prove that decedent brought the machine home for a business purpose in the first place. The bakery blower had been repaired not long before this incident and there was no testimony that there was any problem with the blower at the bakery. It may be that the only work decedent did on the blower was to change its three-prong plug for a two-prong plug, to facilitate personal use of the blower with his house’s two-prong sockets or his two-connector extension cord. While it does seem improbable that decedent would have brought the blower home for the purpose of blowing grass cuttings off pavement, he may have intended some other personal use.
Thus, when plaintiff’s evidence is evaluated there is not a preponderance to meet the first test of the Kern case.
Furthermore, even if we were to assume that decedent did bring the machine home to test it for his employer’s benefit, in order for plaintiff to recover it must also be determined that the necessity of testing the machine reasonably required the decedent to continue with the operation of the blower to the gate and then presumably beyond the gate. This strains the facts and circumstances of the case to produce an inference which does not follow. It hardly seems likely that it was necessary for the decedent to leave the confines of his garage in order to complete his test. Even if he had walked a few feet into the driveway with the machine it might be argued that this was necessary in order to complete his test, but we know that he had gone the full 30 to 40 feet of the driveway in blowing the grass cuttings until he reached the gate and then he must have intended to leave the confines of the yard at the time his accident happened. There is no evidence to show that his action at that point was reasonably required in order to accomplish any testing of the machine.
When the facts and circumstances of the instant case are submitted to the tests enunciated in the Kern case, the conclusion is that plaintiff did not prove by a preponderance of the evidence that decedent’s death arose out of his employment by defendant Ace Bakery.
Affirmed.