ELLIS, Judge,
dissenting.
It is clear that an accident, within the meaning of the Workmen’s Compensation Law, occurred in this case, and that plaintiff’s back was injured as a result. R.S. 23:1021. It is fully established that plaintiff was in the course of her employment. The only question presented by this appeal is whether the accident “arose out of” plaintiff’s employment.
The leading case on the subject is Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932), in which the court said:
“In determining, therefore, whether an accident ‘arose out of’ the employment, it is necessary to consider only this: (1) Was the employee then engaged about his employer’s business and not merely pursuing his own business or pleasure; and (2) did the necessities of that employer’s business reasonably require that the employee be at the place of the accident at the time the accident occurred?”
There have been three cases in which Louisiana courts have considered the com-pensability of accidental injuries suffered during the course of employment, but resulting from a non-work connected cause.
In the case of Ryland v. R. & P. Const. Co., 19 So.2d 349 (La.App. 2nd Cir. 1944), for instance, a night watchman suffered an epileptic seizure, and while under its influence, burned his feet in a fire at which he had been warming himself. The court said:
“It is our opinion plaintiff is entitled to recover compensation for the injuries he received for he was injured in an accident while performing the duties he was employed to perform. The nervous attack which rendered him unconscious was not *908 the proximate cause of his injuries. It was the fire at which he was warming himself that caused the injuries. If he had been at home and not at work, the nervous seizure would not have caused him the injury, and the fact that he was the subject to such seizures cannot prevent his recovery.”
In Flowers v. Williams-Rieves Lumber Company, 5 La.App. 49 (2nd Cir. 1926), Homer Flowers took a chew of tobacco, which made him dizzy, and he fainted and fell out of the truck in which he was riding. The court said:
“So, in the case at bar, the use of the tobacco was the agency which caused the employee to become unconscious and fall and it was the fall from the truck which caused the injury, and we cannot assume that he would have been injured if he had not been on the truck.”
In the more recent case of Hull v. Liberty Mutual Insurance Company, 236 So.2d 847 (La.App. 1st Cir. 1970) the deceased employee, while driving an automobile in the course of his employment, experienced a hypoglycemic shock, became unconscious and lost control of his vehicle. He died as a result of a compound fracture of the skull, suffered in the ensuing accident. We permitted recovery on the theory that the accident was the immediate cause of death, and the physical infirmity of the deceased was only a remote cause.
In my opinion, the above authorities demonstrate a policy that an employee should be protected from accidental injury while he is clearly acting within the course and scope of his employment, regardless of the cause of the accident. I believe this accident “arose out of” plaintiff’s employment within the meaning of R.S. 23:1031, and that she is entitled to recover benefits.
I therefore dissent.