373 So.2d 728 (1979)
Charles E. WHITNEY, Jr., Plaintiff-Appellant,
v.
UNITED STATES FIDELITY AND GUARANTY INSURANCE COMPANY, Defendant-Appellee.
No. 13858.
Court of Appeal of Louisiana, Second Circuit.
June 12, 1979.
Rehearing Denied July 30, 1979.
Writ Refused October 8, 1979.
*729 Gamm, Greenberg & Kaplan by Jack H. Kaplan, Shreveport, for plaintiff-appellant.
Mayer, Smith & Roberts by Caldwell Roberts, Shreveport, for defendant-appellee.
BEFORE BOLIN, PRICE and HALL, JJ.
En Banc. Rehearing Denied July 30, 1979.
PRICE, Judge.
Plaintiff appeals the judgment rejecting his demands for workmen's compensation benefits.
Plaintiff, a captain with the Shreveport Police Department, began working his off duty hours for McLendon's Furniture, Inc., a short time prior to the accidental injury giving rise to this litigation. He was hired primarily because of his ability to perform various work requiring carpentry skill in addition to his capability of directing security for the furniture company. Plaintiff worked under the direction of George McLendon, the president and owner of the furniture company.
McLendon was the co-owner of a hunting lease near Laredo, Texas, and in preparation for the upcoming deer hunting season he took plaintiff along on a trip to the lease on November 1, 1974, to assist in making repairs to the camphouse. Early on the morning of their arrival, plaintiff and McLendon joined the other co-owners of the lease in a quail hunt. They proceeded to ride over the lease in two jeeps and after sighting and shooting a quail, plaintiff was injured while crawling under a fence to retrieve the downed bird. A .45 caliber pistol, which he had holstered on his right hip for protection from snakes, accidentally discharged causing a bullet to enter his right leg resulting in the fracture of the distal femur.
Plaintiff sued U. S. Fidelity and Guaranty Insurance Company, the compensation insurer of McLendon Furniture, Inc., for benefits under the workmen's compensation statute claiming he is totally and permanently disabled.
The trial court found the accident causing plaintiff's injury did not arise out of and occur in the course of plaintiff's employment with McLendon's Furniture, but resulted from plaintiff's hunting for his own pleasure, thus his claim for compensation benefits was denied. We reverse for the reasons assigned.
La.R.S. 23:1031 provides in pertinent part:
If an employee ... receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation . .. [Emphasis added.]
*730 Simply stated, the injury is compensable only if it arises out of and occurs in the course of the employment. It is clear that these two criteria are not synonymous, but are interdependent. The "arising out of" requirement demands an inquiry into the relationship of the accident to the necessities of the plaintiff's employment and in some instances the character or origin of the risk, while the "in the course of" requisite brings into focus the time and place relationship between the risk and the employment. Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932); Myers v. Ry. & Nav. Co., 140 La. 937, 74 So. 256 (1917); Lisonbee v. Chicago Mill and Lumber Company, 278 So.2d 5 (La.1973).
An accident occurs in the course of employment when it happens during the time of employment and at a place contemplated by the employment. Kern v. Southport Mill, supra; Lisonbee v. Chicago Mill and Lumber Company, supra; Mitchell v. Employers Mut. Liability Ins. Co., 341 So.2d 35 (La.App. 3d Cir. 1977).
The evidence is sufficient to establish that plaintiff was taken to the hunting lease by his employer, McLendon, to perform work at the discretion of McLendon, and also familiarize himself with the lease in the event he was sent to the lease with guests or customers of his employer.
These circumstances meet the test summarized above that the accident must happen at a place contemplated by the employment and during the time of employment to bring the injury within the course of plaintiff's employment as required by La.R.S. 23:1031.
The most serious issue is whether the injury can be said to "arise out of" the employment because of the fact that plaintiff was engaged in hunting at the time of the accidental injury.
To "arise out of" employment the jurisprudence has delineated two seemingly inconsistent tests. According to the rule of Myers v. Ry. & Nav. Co., supra, it is essential that the court inquire into the character or source of the risk and determine whether or not the danger was greater for the injured employee than for one not so employed (known as the increased risk test). On the other hand, in Kern v. Southport Mill, supra, the court announced that an injured employee is entitled to compensation if the necessities of the employer's business required that he be at the place of the accident at the time the accident occurred (time, place, circumstance test) without reference to the origin of the risk that brought about the mishap (as in Myers). Malone, Louisiana Workmen's Compensation Law and Practice § 192 (1951). Professor Emeritus Malone, in concluding that the two rules complement rather than conflict with each other suggests:
At certain times the worker will be protected against virtually any risk he may encounter. These are the times when his activities are very closely connected with his employer's business and it can be said that he is acting in direct response to the call of duty. At other times, when the activities of the worker bring him barely within the outer fringe of his employment he will be protected only against risks which can be closely associated with the nature of his duties or with the circumstances under which he is obliged to work and live. In other words, during these latter times he is within the course of employment only with reference to a fairly limited group of employment risks.

* * * * * *
The character of the risk that brought about the accident is, and should be, a very important consideration in cases where it is somewhat doubtful that the employee was acting within the course of his employment at the time of injury or death. ...

* * * * * *
... In cases such as these the close affinity between duty to employer and time and place of accident makes unnecessary and undesirable all inquiry as to the kind of risk that brought about the mishap. This notion of policy finds an appropriate expression in the rule of the Kern case. Malone § 192
*731 Since this accident clearly occurred in the course of employment, we find the circumstances presented here should be evaluated by the test applied in Kern (time, place, and circumstance) to determine whether plaintiff's accident arose out of his employment.
Kern directs consideration of two factors in determining whether an accident "arose out of" employment:
(1) Was the employee then engaged about his employer's business and not merely pursuing his own business or pleasure; and
(2) Did the necessities of that employer's business reasonably require that the employee be at the place of the accident at the time the accident occurred?
As to the first requisite, appellee contends the accident did not arise out of plaintiff's employment because it occurred while plaintiff was attending his own personal pleasure by quail hunting. However, the record indicates that even though plaintiff was bird hunting at the time of the accident, he was not merely pursuing his own pleasure.
Plaintiff testified he accompanied the others on the quail hunt so that McLendon could show him the roads and location of deer stands in the event it became necessary for plaintiff to carry McLendon's guests or customers on trips without McLendon being present.
This testimony stands unrebutted in the record. In view of this testimony, it can reasonably be inferred that plaintiff was engaged about his employer's business and not merely pursuing his own personal business or pleasure at the time of the injury.
The second requirement of the Kern test that the plaintiff was at the place of the accident because of the necessity of his employment has been met by the evidence discussed above that plaintiff was acting at least in part under the direction of his employer in making the hunting trip which exposed him to the hazard causing his injury.
LeCompte v. Kay, 156 So.2d 75 (La.App. 1st Cir. 1963) cited by defendant as dispositive is distinguishable. The plaintiff in LeCompte was denied compensation because he was merely pursuing his own pleasure, i. e. horseplay target practice after working hours. Applying the Kern test to LeCompte, compensation would be denied because the plaintiff in LeCompte was merely pursuing his own pleasure. On the contrary in the instant case plaintiff, at the time of the accident, was not engaged in a purely personal endeavor, but was engaged in a business related activity, i. e. acquainting himself with the lease.
We therefore find that plaintiff has established that the accidental injury causing his disability arose out of and in the course of his employment as required by La.R.S. 23:1031 to entitle him to compensation benefits.
At the date of the accident, November 1, 1974, Louisiana's workmen's compensation law provided that an employee is considered totally and permanently disabled if the injury prevented him from performing work of the same or similar character to that which he was accustomed to performing prior to the accident. The evidence shows plaintiff to have a 20-25 percent disability in the use of his right leg which prevents him from performing the same or similar work as to that he was engaged in at the time of the injury. Therefore, we find plaintiff totally and permanently disabled and entitled to benefits as provided by law. Plaintiff's claim for penalties and attorney fees should be denied as there is no evidence to show the refusal to pay compensation was arbitrary and capricious in this instance.
For the reasons assigned, the judgment of the trial court is reversed as to defendant, U. S. Fidelity and Guaranty Insurance Company, and accordingly there is judgment in favor of plaintiff, Charles E. Whitney, Jr., and against U. S. Fidelity and Guaranty Insurance Company for compensation at the rate of $65.00 per week, beginning November 1, 1974, and continuing for a period of 500 weeks with interest at the *732 rate of 7 percent per annum on each past due installment from due date until paid, and it is further ordered that all accrued amounts with interest be paid in lump sum; that plaintiff have judgment for all necessary past medical bills not in excess of $12,500; and that plaintiff's right to recover all necessary future medical expenses not in excess of $12,500 be reserved unto him. Plaintiff's demands for penalties and attorney fees are rejected. All costs of these proceedings are assessed to defendant, U. S. Fidelity and Guaranty Insurance Company.