SAVOIE, Judge.
In this case, Willie Brumfield appeals the denial to him of workers’ compensation benefits.
Brumfield, acting in his capacity as sub-foreman for the Patterson and Yeary Steel Company, ordered a subordinate to do certain work and was met with an adamant refusal. Brumfield called the foreman who promptly fired the subordinate. Brumfield had to ride home from work in a pick-up truck owned by a fellow employee, which pick-up truck also was the transportation for the fired subordinate. During a market stop on the trip home, the angry subordinate suddenly attacked Brumfield without any provocation other than the events already told, smashing his leg with a steel bar. The record reveals that the cause of the attack was the employment-related conflict.
On these facts, the trial court denied workers’ compensation, holding that the injury “arose out of” Brumfield’s employment but was not suffered “in the course of” that employment. (R.S. 23:1031)
Louisiana is among the large majority of American states whose workers’ compensation schemes require that an injury, to be compensable, must “arise out of” and occur “in the course of” employment. Professors Malone and Johnson, in their influential Louisiana Civil Law Treatise “Workers’ Compensation Law and Practice” explain the dual requirement this way:
“The ‘during the course of’ requirement suggests that the trier look into the place and time the accident occurred and what the worker was doing when he was injured, while the ‘arising out of’ requirement focuses on the character of the risk that brought on the injury.” Page 282
There is no doubt that the trial court was correct in finding that Brumfield’s injury “arose out of” his employment. The risk of harmful conflict with subordinates is a risk directly and substantially related to the duties his employer required of him, and, as was said earlier, the record contains no hint of any non-employment related source of tension between the two men.
Our inquiry, on this appeal, must focus on the trial court’s conclusion that this injury did not happen “in the course of” employment, where it occurred off the employer’s premises and after working hours. Malone and Johnson describe the traditional approach of our courts to the “during the course of” requirement this way:
*219 “The concept of ‘during the course of’ can be envisioned as a circle whose center represents only those accidents that happen while the victim is actively at work, while he is moving from one work spot to another, or is otherwise responding directly to the call of duty — all clearly occurring during the course of employment. As we move slightly away from this center, we encounter other ranges of activities. Closest, perhaps, is the situation of the worker who is alert to the immediate call of duty but who is unavoidably idle at the moment he is injured. Perhaps he awaits some tool that has been sent for or sets aside his shovel while sheltering himself from a sudden shower. Such idleness is dictated by the nature of the work and is comfortably within the inner part of the conceptual circle.”
“If the period of enforced idleness is extended to a matter of hours and the accident occurs at some place other than the work premises (as would be the case for the worker who is injured at home at a time when he is subject to call), any conclusion relating to the ‘during the course of’ requirement becomes very difficult. In terms of our circle we have moved decidedly away from the center and toward the perimeter.”
“The same approach is appropriate for other situations: accidents during lunch hour or coffee break, accidents that happen just as the employee leaves his home to go to work as compared with those that happen as he enters his employer’s plant, accidents that befall a truck driver while he is proceeding on some route that he was ordered to avoid, the slip in the shower at the hotel that breaks the hip of a traveling salesman who was preparing for bed — these and myriad other attendant circumstances that make up the infinite variety of work accidents in terms of time, place, or employee activity all have their proper situs somewhere on the face of the circle that represents the ‘during the course of’ concept. Whether an accident falls near the center or, on the other hand, is posed tenuously near the perimeter is, of course, wholly a matter of estimation on the part of the trier. Clearly, there will be found between these poles every conceivable variation possible.” (Emphasis ours) (Malone & Johnson, “Workers’ Compensation Law and Practice”, p. 284-5)
We agree with Malone and Johnson that this is “a matter of estimation on the part of the trier”.
The trial court, in its reasons for judgment, stated:
“As was stated in Lisonbee,[1] ... the ‘in the course of’ inquiry brings into focus the time and place relationship between the risk and the employment. The accident in the case at bar occurred both several miles away from the work site and after working hours. Ordinarily, the accident must occur during normal working hours and at the employee’s place of work. Kern v. Southport Mill, [174 La. 432,] 141 So. 19 (La.1932). This Court is mindful of certain exceptions to this general rule, such as the threshold doctrine and the employer-furnished-transportation exception. But counsel for plaintiff has not demonstrated that the case at bar fits into any such exception, and the Court declines to create a new exception or expand an existing one to fit the facts herein. This Court is also mindful of language in Lisonbee, supra, indicating an interdependence between the ‘arise-out-of’ requirement and the ‘course-of’ requirement: A strong showing by the plaintiff with reference to the ‘arise-out-of’ requirement may compensate for a relatively weak showing on the ‘course-of’ requirement, and vice versa. This Court holds that the ‘course-of’ element of the plaintiff’s case is extremely weak; the only link between the accident and the employment, under the ‘course-of’ analysis, is that the accident occurred while the plaintiff was returning home from work. In a workmen’s compensation analysis of the instant case, the ‘arise-out-of' element cannot be strong enough to compensate *220 for an accident occurring after working hours.”
The trial court found, as stated above, that the accident did not occur in the course of Brumfield’s employment. Our review reveals no manifest error on the part of the trial court.
The judgment of the trial court is affirmed.
Appellant is to pay all costs.
AFFIRMED.

. Lisonbee v. Chicago Mill and Lumber Company, 278 So.2d 5 (La.1973).