554 So.2d 285 (1989)
Harris Rene MEAUX, Plaintiff-Appellee,
v.
Martin J. CORMIER, d/b/a Acadiana Collision & Repair, and Insurance Company of North America, Defendants-Appellants.
No. 88-964.
Court of Appeal of Louisiana, Third Circuit.
December 13, 1989.
*286 Thomas E. Guilbeau, Lafayette, for plaintiff/appellee.
Jeansonne & Briney, Carl W. Robicheaux, Lafayette, for defendants/appellants.
Before FORET, DOUCET and LABORDE, JJ.
FORET, Judge.
This is a workers' compensation action filed by plaintiff, Harris Rene Meaux, against his employer, Martin Cormier, d/b/a Acadiana Collision & Repair (Acadiana Collision) and its worker's compensation insurance carrier, Insurance Company of North America (INA). The trial court rendered judgment in favor of the plaintiff, awarding temporary total disability benefits, and defendants have appealed.

FACTS
On January 15, 1987, plaintiff was hired by Martin Cormier, owner of Acadiana Collision, as a prep man. The duties of a prep *287 man include sanding and taping vehicles and, in general, preparing the vehicles for painting. At the time of hiring, plaintiff expressed to Cormier his desire to someday become a painter. Cormier informed plaintiff that he would train him to be a painter should he prove to be a good employee. On April 1, 1987, plaintiff, the shop manager, Kent Myers, and three other employees left their place of employment to attend a free paint demonstration sponsored by Rogers Paints, a seller and/or maker of automobile paints. They departed at approximately 6:00 P.M. in a vehicle driven by Myers. On their way to the demonstration, Myers' car was rear-ended and plaintiff sustained injuries which eventually necessitated back surgery in December of 1987[1]. The sole issue presented for our consideration on appeal is whether or not the accident in question is an accident arising out of and in the course of plaintiff's employment.
R.S. 23:1031 provides that an accident is compensable if it arises out of and is in the course of one's employment. In applying these principles, it is important to note that the key consideration is the relationship between the injury and the employer's business operations. In this regard, the Supreme Court, in Raybol v. Louisiana State University, 520 So.2d 724, 726 (La.1988), stated the following:
"Judicial experience has taught that these two elements, arising out of and in the course of, should not be understood as entirely separate requirements to be rigidly and independently exacted. Rather, they should be understood simply as closely intertwined issues that may usefully illuminate the common sense, practical question of whether the injury bears some significant relationship to the business operation. Lisonbee v. Chicago Mill and Lumber Company, supra [278 So.2d 5] at 9 [(1973)]. Malone & Johnson, Workers' Compensation Law and Practice, 13 Civ.Law.Treat. §§ 144, 145 (2d ed. 1980)."
It is also well established that a strong showing with respect to the "arising out of" requirement may compensate for a relatively weak showing with respect to the "in the course of" requirement, and vice versa. Raybol v. Louisiana State University, supra.
With regard to the issue of whether or not the subject accident arose out of the plaintiff's employment, several important cases need be mentioned at this point. In Myers v. Louisiana Ry. & Navigation Co., 140 La. 937, 74 So. 256, 259 (La.1917), the Supreme Court stated that in order to satisfy the "arising out of" requirement, "[i]t ought to be sufficient that the nature of the employment was such that the risk from which the injury resulted was greater for the workman than for a person not engaged in the employment ...". Thereafter, in Kern v. Southport Mill, 174 La. 432, 141 So. 19 (La.1932), the Supreme Court established a different test to be used in determining whether or not an accident arose out of the employment. The Kern court stated, 141 So. at page 21:
"In determining, therefore, whether an accident "arose out of" the employment, it is necessary to consider only this: (1) Was the employee then engaged about his employer's business and not merely pursuing his own business or pleasure; and (2) did the necessities of that employer's business reasonably require that the employee be at the place of the accident at the time the accident occurred?"
The principles set forth by the Supreme Court in Myers and Kern have been consistently applied by the jurisprudence through the years. For example, in Jackson v. American Ins. Co., 404 So.2d 218 (La.1981), a sixteen-year-old boy employed in a government sponsored summer youth program drowned while attending a swimming party sponsored by his employer. Although attendance at the swimming party was not mandatory, the Court found that the accident arose out of the plaintiff's employment. In so doing, the Court assigned great weight to two factors. Firstly, *288 the Court noted that, although attendance was not said to be mandatory, there was some degree of expectation (or compulsion) that the youths attend this swimming party. Secondly, the Court noted that the activity in question (swimming party) furthered the goals of the summer program which included, among other things, establishment of community goodwill, instillment of discipline in the involved youths, and improvement of relations between disadvantaged youths and the government.
Thereafter, in Palermo v. Reliance Ins. Co., 501 So.2d 333 (La.App. 3 Cir.1987), writ denied, 503 So.2d 19 (La.1987) (a decision from which this writer dissented), the plaintiff-employee drowned while on a trip substantially paid for by his employer. In finding that the accident did not arise out of the plaintiff's employment, the majority found no suggestion of intimidation or compulsion, noting that there was no great difference in the social standing between plaintiff and his employer. The Court also noted that one employee chose not to go on the trip. Additionally, the Court found that the trip "served no business purpose." Therefore, in finding that the accident did not arise out of the plaintiff's employment, the Court found that both parts of the two-prong test established in Kern were not satisfied, i.e., attendance at the activity was not mandatory and the employee was not engaged about the employer's business. The Court went on to state that, even under the Myers test, there could be no recovery because the risk to which the plaintiff was exposed (bathing in the surf while on a trip) was no greater than that to which the general public was exposed.
Turning now to the facts of the instant case, although plaintiff was not required to attend the paint demonstration, the shop manager, Kent Myers, testified that he encouraged plaintiff to do so. Also, all of the other paint shop employees attended the demonstration and, in view of this, plaintiff must have felt some sort of obligation to attend. It should also be pointed out that on the date of the accident plaintiff was still employed as a prep man and was looking to be promoted to the position of painter. Under such circumstances, a request by his immediate supervisor to accompany him to a paint demonstration would hardly be taken lightly. We therefore find this case to be analogous to Jackson in that there was some degree of expectation that plaintiff attend the paint demonstration. He was encouraged to do so by his shop manager and all other paint shop employees did attend. We also have little difficulty in finding that plaintiff's attendance at the demonstration benefited his employer. Plaintiff states that at the demonstration he learned about mixing and applying paint, skills which will prove to be useful in the performance of his duties for Acadiana Collision. We therefore find that the two-prong test of Kern has clearly been satisfied.[2] Moreover, and perhaps most significantly, we find the relationship between plaintiff's injuries and defendant's business operations to be extremely close. Plaintiff and his co-employees left to go to the paint demonstration from their place of employment immediately following normal working hours. They traveled in a car driven by plaintiff's immediate supervisor and, except for one stop at a convenience store, went directly to the paint demonstration, an activity directly related to the employer's business operations. Considering this, we find that the relationship between plaintiff's injuries and the employer's business activity is such as to warrant a finding that the accident in question arose out of plaintiff's employment. See Raybol v. Louisiana State University, supra.
We now address the issue of whether or not plaintiff's accident occurred in the course of his employment. An accident occurs in the course of employment, within the meaning of our Worker's Compensation Act, when it happens during the time of employment and at a place contemplated by one's employment. Reid v. *289 Gamb, Inc., 509 So.2d 995 (La.1987). It was established at trial that plaintiff's normal working hours were 8 to 5 but that the people in the paint shop often worked late. Considering the relevant connection between the paint demonstration and the employer's business operations, we find that the paint demonstration was a part of the plaintiff's work activity and thus, the place and time of plaintiff's employment was extended to the time and place of the paint demonstration, including any necessary travel thereto. We therefore find that plaintiff's accident occurred in the course of his employment.
Considering the above and foregoing, we affirm the judgment of the trial court. All costs of this appeal are assessed to defendants-appellants, Martin J. Cormier, d/b/a Acadiana Collision & Repair and Insurance Company of North America.
AFFIRMED.
NOTES
[1] It should be noted that the parties continued on to the demonstration after the accident in question.
[2] As for the "greater risk" test outlined in Myers, plaintiff's employment clearly placed him at the time and location of the accident in question and, as such, exposed plaintiff to a greater risk than a person not engaged in such employment. Thus, even under the criteria established in Myers, plaintiff's accident arose out of his employment.